1 w 257
J12   699

BARLOW & SHEPHERD *vs.* GEORGE COGGAN, SURVIVING PARTNER MALLORY & COGGAN.

In the absence of a statutory provision, the surviving partner has exclusive control of partnership effects; suits must be brought by or against him for partnership demands or liabilities. Remedy cannot be had against the executor of the deceased partner unless a partnership property is insufficient to satisfy the same.

When one of the makers of a promissory note dies before the maturity of the note, presentment and demand should be made of the surviving maker, and not the executor of the deceased partner.

No statute of the State of Oregon has been cited removing this case from the foregoing rule.

The general requirement, that claims against the estate of a deceased person, must, before suit can be instituted, be presented to the administrator for allowance, has no application in this case, for the reason the surviving partner is possessed of the same knowledge of the claim the deceased had.

Our Courts cannot recognize the personal representative of a deceased person, unless clothed with authority derived from the laws of this Territory.

In our Territory property vested in a non-resident administrator is liable to attachment and other process.

In the case before the Court, the defendant is individually liable for the entire debt, but may, upon satisfying it, re-imburse himself so far as he is entitled to re-imbursement, from the estate of the deceased, in his custody.

Appeal from the District Court holding terms at Olympia.

Opinion by KENNEDY, Associate Justice.

The plaintiffs in this case are co-partners, residing at Oregon City, State of Oregon.

The defendant and Mallory were co-partners, doing business at La Grande, in the same state, and none of the parties are residents of Washington Territory.

Mallory and Coggan, for a valuable consideration, made to plaintiffs their joint note, dated La Grande, May 20, 1869, promising to pay them, or order, for value received, sixty days after date, the sum of $628.47, in gold coin, with interest, at the rate of one per cent. per month.

Mallory, one of the partners, died in Oregon before the commencement of this suit, and George Coggan, the surviving partner, as administrator of the partnership, duly took out letters of administration, under the laws of Oregon, from the probate court of Union county. A general administrator of the estate of Mallory (not Coggan) was likewise appointed in Oregon prior to the commencement of this suit.

Coggan, before the death of Mallory, entered into partnership with Davis, a resident of Washington Territory.

Suit on the note was commenced by plaintiffs against Coggan in the District Court of the Second Judicial District, at Olympia, and Coggan's interest in the property of the firm, within the jurisdiction of the Court attached.

The service was by publication, and defendant, Coggan, appeared in the Court below and in this Court.

Judgment was rendered dismissing the case with costs, and it appearing to the Court that important questions of law were involved, arising from the agreed statement of facts, substantially given above, it was further adjudged that this judgment be *pro forma*, only, and that the same be not executed until the hearing and determining of the questions herein involved by the Supreme Court at its present session.

On the death of a partner, the law, (apart from any statutory provision) gives to the survivor exclusive control of property of the firm.

He, alone, sues in his own name for the recovery of debts, and he is responsible to the creditors. *Grant vs. Shurtee*, 1 Wendall, page 152. The right of action in relation to all partnership demands is transferred by his death to the survivor. *Murray vs. Muneford*, 6 Cowen, page 442.

As the executor of the deceased does not succeed to the partnership effects, he has no funds derived from the partnership, to meet partnership obligations, and the law confines the remedy of the creditors of the firm to the survivor, unless he be insolvent, when they have another remedy.

All the authorities concur in affirming that the action must be brought against the surviving partner. Parsons on Contracts vol. 1, page 173; Edwards on Bills and Promissory Notes, page 123; Story on Promissory Notes, ed. of 1859, pages 317-81; Collyer on Partnership, section 723 and cases there cited; 1 American Leading Cases, page 478, and cases cited in 2 Leading Cases in Equity, page 314.

If parties make a promissory note, and one of them dies, before its maturity, presentment and demand of payment should be made of the surviving partners, and not of the executor. The same rule holds good in the case of joint makers, when one of them dies before the maturity of the note, for then at law the debt is the debt of the survivors only. Story on Promissory Notes, Sec. 256.

Such being the general law on the subject, in regard to which there is little dispute among the counsel, it is contended on behalf of Coggan that the statutes of Oregon invade the common law rights and consequent liabilities of the surviving parties, and place the partnership estate under the control of the probate court.

We have been unable to find any decision on this point, in the Oregon Reports.

Coggan is termed the "administrator of the partnership"

under the laws of Oregon, and we are not called upon to decide whether, under the probate laws of that state, the common law rights of partnership creditors are invaded to such an extent as to take away their power of proceeding against the surviving partner, and certainly would hesitate at reaching such a conclusion from sections 1069, *et seq.*, of Deady's Code, cited in the argument.

Whatever change the statutes of Oregon may have wrought in the common law, where the surviving partner does not become administrator of the partnership, as Coggan has, in the latter event, his position would seem to be the same that it was before their passage.

No power would appear to be taken away from, nor any new one conferred upon him, by them.

He had still possession of the partnership effects; is bound to pay the partnership debts, and is yet liable, as he was before, to pay over to the general administrator, "the interest of the deceased in the partnership property remaining after the payment or satisfaction of the debts and liabilities of the deceased." Sec. 1071, Code of Oregon. Creditors, consequently, would seem to have the same remedies as formerly.

It has been urged that the note should have been presented to the administrator for his allowance, prior to bringing suit. Such is the law generally, and for the reason that death having removed the principal, the administrator, who knows nothing of his business, can perhaps learn the extent of the liabilities of the deceased only in this manner, and so it is made imperative on the creditors to present their claims, but the reason of the law fails where there is a surviving partner, as far as the joint estate is concerned, for his means of information and knowledge of the business are as ample as those of the deceased were, and we do not think that the Oregon Legislature contemplated any change in the law on this point, nor do we imagine that the Courts there would construe it otherwise.

Whether correct or not in this position the law of Washington Territory agrees with our views. Laws 1863, proviso to Sec. 156, page 226.

We are of the opinion that the fact that Coggan has been appointed administrator of the partnership in Oregon has no bearing on this case.

Chancellor Kent says in *Doolittle vs. Lewis*, 7 Johnson's Chancery Reports, page 47, "It is well settled that a party cannot sue or defend in our Courts as executor or administrator, under the authority of a foreign court of probates.

Our Courts take no notice of a foreign administration, and before we can recognize the personal representative of the deceased in his representative character, "he must be clothed with authority derived from our law." See also *Morrell vs. Dockey*, 1 Johnson's Chancery Reports, pages 155–6, and Story on Conflict of Law, note 2, page 857.

In Washington Territory property vested in non-resident executors or administrators is liable to an attachment for debt or other demands against decedent's estate, Laws of 1863, page 115, Sec. 157, but no question of administration, whether in Oregon or this Territory, arises in this case, nor has any doubt been suggested, as to the *interpretation* of the contract itself.

It is limited to no particular place of payment; is by operation of law payable everywhere, and may be enforced wherever the debtor or his property may be found.   Story on Conflict of Law, Sec 329.   Again there can be no objection to permitting the plaintiff to go at once, for payment of a partnership debt to the defendant personally, he is liable, *in solide*, and if obliged to pay, the partner's share of the payment will be allowed him in the general settlement.

There can be no doubt that such is the present rule, and as little that it cannot work any injury to the defendant.   Parsons on Partnership, page 349, and notes.

Judgment should have been rendered for the plaintiffs, on the case stated, with permission to issue an execution on Coggan's interest, in the property attached, subject to his liability for the joint debts of Davis & Coggan.

The *pro forma* judgment is therefore reversed and, as the complaint is not before us, and the balance due on the note can-

not be ascertained, the cause is remanded to the Court for judgment in accordance with this opinion.

DENNISON, Chief Justice, dissented.