## KELLEY v. CENTRAL RAILROAD OF IOWA.

*(Circuit Court, D. Iowa, C. D. October, 1883.)*

1. DEATH BY WRONGFUL ACT—MEASURE OF DAMAGES.

In an action for wrongful death under the Iowa statute the recovery is to be measured by the amount which would probably have been saved to decedent's estate if he had lived, taking into consideration his occupation, age, health, and habits as to industry, sobriety, and economy, the amount of his property, and the probable duration of his life.

2. SAME—PAIN AND SUFFERING.

No damages can be given for the pain and suffering of the deceased, nor the wounded feelings or grief of his relatives.

At Law. Action by Mary Kelley, administratrix of the estate of Nicholas Kelley, for damages in causing the death of her intestate.

The main question determined in this case was as to the measure of damages, and the report was limited to that part of the judge's charge to the jury which bears upon this subject. McClain's Code Iowa, § 2525, provides that "all causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." Section 2526 provides, among other things, that "when a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that, if the deceased leaves a husband, wife, child, or parent, it shall not be liable for the payment of debts."

*C. H. Gutch,* for plaintiff.

*Blair & Daly,* for defendant.

MCCRARY, J., *(orally charging jury.)* If you find for the plaintiff you will assess her damages at such just and reasonable sum as will compensate the estate of the deceased for the loss occasioned by his death. In determining what this amount shall be, in case you come to the question of damages, you will consider the circumstances of the deceased, his occupation, age, health, habits as to industry, sobriety, and economy, the amount of his property, if any, and the probable duration of his life, and from these elements you will determine what his annual income during life would probably have been which would have been saved to his estate, and not expended, and a gross sum which would have produced a like income at interest will be a proper sum to be allowed as damages. I do not say that you are obliged to find the amount by this process. You may exercise your discretion as to the mode of arriving at the value of the life of the deceased to his estate, but that value, when ascertained and fixed by you, must be the sum of your verdict. This mode is suggested as a convenient one, which you can adopt if you choose.

In a case of this character you are not to take into account the pain and suffering of the deceased, nor the wounded feelings or grief of his relatives, in fixing the damages. What you are to ascertain and by your verdict decide, if you come to the question, is what, according to

the evidence, would have been the probable pecuniary benefit to the estate of the deceased from the continuance of his life. This you are not expected to determine with accuracy, as that would be impossible; but you are to fix, according to your best judgment in the light of the evidence, what the amount would probably have been. Reasonable probability is all that can be expected in such a case. No arbitrary rule can be laid down. The elements which enter into the question of the value of a life to the estate of the deceased are so various that the matter must be left, under proper instructions from the court, to the sound discretion of the jury. The purpose of the statute under which this suit is brought is compensation. It is not the loss of the deceased, but the loss of the estate, which is to be estimated. The purpose of the statute is to make good to the heirs or representatives of the person killed that which they have probably lost by his death. To ascertain this it is of course necessary to take into view all the facts and circumstances which bear upon the question what his accumulations would probably have been. Among the questions proper to be considered in the light of the evidence are the following: Had the deceased, previous to his death, saved his earnings? Had he contributed to his mother's support? Was he a sober, industrious man, or was he habitually intemperate? Was he economical, or was he a spendthrift? From all the facts and circumstances, if he had lived, what sum, if any, would he probably have accumulated in the course of an ordinary life-time, to be left to his heirs?