CLARK, *Adm'r, v.* MANCHESTER.

64  471
67  323

The fact of death by drowning is sufficient, without other evidence, to sustain a finding by the jury that the deceased suffered pain.

The testimony of jurors is not admissible to impeach their verdict.

The question of misconduct on the part of the jury is one of fact for the trial term.

BLODGETT, J.   There is nothing in this case requiring other than brief consideration.

The motion for a nonsuit because there was no evidence of a highway existing at the time and place of the alleged injury is disproved by the reported facts (*State* v. *Morse,* 50 N. H. 9), and the motions to set aside the verdict as against the evidence, and because it was excessive, raise no questions of law. *Fuller* v. *Bailey,* 58 N. H. 71, 72; *Daniels* v. *Lebanon,* 58 N. H. 284, 286; *Hovey* v. *Brown,* 59 N. H. 114, 116; *Merrill* v. *Perkins,* 61 N. H. 262, 263; *Little* v. *Upham,* 64 N. H. 279.

Neither is there any place for the defendants' contention that "there was an entire absence of legal testimony tending to show that the deceased did not die instantaneously, and entirely without pain or suffering." Accurately speaking, there is no such thing in any case as death happening simultaneously with the injury causing it, and still less in cases of drowning; and the fact that the death of the intestate was so caused, and that, too, "in stagnant, muddy, and slimy water," must be regarded as affording competent evidence from which the jury might legitimately infer not only that his death was not instantaneous, but that it was attended with both physical and mental pain and suffering. The testimony neither of eye-witnesses nor of experts was indispensable to the recovery of damages by the plaintiff, as contended by the defendants. When a material fact is not proved by direct testimony, it may be inferred by the jury, if there is a case for them, from the facts which have been so proved, even though the inference be not a necessary one. It is their province to draw proper inferences from such facts, and if in the exercise of this right they conclude that the fact in controversy is established, it is as properly proved as if by direct testimony. *Com.* v. *Doherty,* 137 Mass. 245, 247. And even if eye-witnesses had been produced at the trial who saw the deceased while drowning and noted his apparent condition, it would be an inference only upon the question of the extent and duration of his pain and suffering; and so it would be with the opinions of experts. If, therefore, all had been done which the defendants contend should have been done to entitle the plaintiff to a recovery, nothing would have been proved by direct testimony; and if there had been, the facts so proved would have been no more competent evidence for the consideration of the jury than those found by them to be proved inferentially from the

uncontroverted cause and manner of the intestate's death, because "a fact proved by a legitimate inference is proved no less than when it is directly sworn to." *Doyle, Adm'r,* v. *Boston & Albany R. R. Co.,* 145 Mass. 386.

Nor can the defendants take anything by their exception to the exclusion of their offer to show by the testimony of some of the jurors that the jury agreed that the amount of damages should be the average of the several judgments of all the jurors, and that the average so found was actually returned as their verdict. The authorities uniformly hold, upon grounds of public policy, that the testimony of jurors is not admissible to impeach their verdict (*Smith* v. *Smith,* 50 N. H. 215, 216, 219, 229, *Dodge* v. *Carroll,* 59 N. H. 237, 238, *Griffin* v. *Auburn,* 59 N. H. 286, 287, *Knight* v. *Epsom,* 62 N. H.   ); and there being no legal error in the exclusion of the testimony, the question of misconduct on the part of the jury in respect of the verdict was one of fact for the trial term, and having been there heard and determined, it will not be re-examined here. *Lefavor* v. *Smith,* 58 N. H. 125; *Whitcher* v. *Dexter,* 61 N. H. 92.

*Exceptions overruled.*

SMITH and CLARK, JJ., did not sit: the others concurred.

*Sulloway & Topliff* and *Briggs & Huse,* for the plaintiff.

*R. E. Walker, E. F. Jones,* and *D. Cross,* for the defendants.