THE ROBERT GRAHAM DUN.

CROWELL et al. v. GRANT et al.

(Circuit Court of Appeals, First Circuit. October 11, 1895.)

No. 128.

1. COLLISION BETWEEN SAILING VESSELS—HOLDING COURSE—LOOKOUTS.
    A vessel sailing free is bound to keep out of the way of one sailing close-hauled, and if she fails to change her course, or, after changing it, fails, through the inexcusable absence of her lookout, to maintain it steadily, and thus causes a collision, she is liable. 63 Fed. 167, affirmed.

2. SAME—ABSENCE OF LIGHT.
    The alleged absence of a green light held immaterial, where, from the situation of the vessels, its presence could not have averted, or its absence contributed to, the collision. 63 Fed. 167, affirmed.

3. SAME—DUTY TO LIE BY INJURED VESSEL.
    A sailing vessel which collided with and sunk another vessel held responsible for the death of the seamen of the latter, because of her failure, without reasonable excuse, to perform the duty imposed upon her by the statute, to lie by after collision and render assistance. Act Sept. 4, 1890 (26 Stat. 425).

4. SAME—DROWNING OF SEAMEN—EXCESSIVE AWARD FOR SUFFERINGS.
    An award of $3,500 each, in the case of a number of seamen drowned by reason of the sinking of their vessel after collision, on account of their mental and physical suffering only, held excessive, and reduced to $350 each, where there was no evidence of any suffering beyond what would be caused by remaining in the water for one hour.

5. APPEAL—CLERK'S TAXATION OF COSTS.
    An assignment of error in respect to the clerk's taxation of costs cannot be considered by an appellate court, when there is nothing in the record to show that the matter was brought to the attention of the judge below.

Appeal from the District Court of the United States for the District of New Hampshire.

On November 3, 1893, Isaac M. Grant filed a libel in the court below against the schooner Robert Graham Dun to recover for loss of the schooner Captain John, by collision, on the evening of September 20, 1893. The owners of the Dun (Peter H. Crowell and others) filed their claim and answer in the cause. On February 14, 1894, they filed in the same court a petition to limit liability for all losses and damages sustained by reason of the collision. On April 2, 1894, the following order was entered by the court in the proceeding to limit liability:

"The hearing on the questions involved in the opinion filed this 2d day of April, A. D. 1894, was begun in Isaac M. Grant against the schooner Robert Graham Dun, and after argument, and before decision, the petition for the limitation of liability was filed; and, upon consent of counsel, decision was rendered in the limited liability proceedings upon the evidence previously taken, and such decision is to be treated as rendered in this case. All the evidence and arguments were submitted and considered by the court in this proceeding, and the evidence, opinion, and orders shall be filed therein, and become part of the record thereof."

The opinion referred to in the foregoing order is reported in 63 Fed. 167, and is there entitled as in the case of Grant v. The Robert Graham Dun. In that opinion it was held that the Dun was in fault, and responsible for the collision, and a decree accordingly was entered in the proceedings for a limitation of liability. From this decree the petitioners have appealed.

Eugene P. Carver and Edward E. Blodgett, for appellants.
Benjamin Thompson, for appellees.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. This is a proceeding by the owners of the three-masted schooner Robert Graham Dun to limit their liability, under Rev. St. § 4283, on account of a collision which took place between that vessel and the two-masted schooner Captain John, off Cape Cod, on the evening of September 20, 1893, which collision resulted in the sinking of the Captain John, and the drowning of three men who were on board of her, and constituted her whole crew. The owners of the Robert Graham Dun contested their liability for the collision.

There can be no question, upon the evidence disclosed in the record, that the court below was right in holding that the master of the Robert Graham Dun failed, without reasonable excuse, to perform the duty imposed upon him by the act of September 4, 1890 (26 Stat. 425), to lie by after the collision and render assistance to the men on the Captain John, and that the subsequent drowning of the three men on the latter vessel must be attributed to this neglect of duty. It is also equally clear, upon the evidence, that the owners of the Robert Graham Dun wholly failed to establish their defense, —that as the two vessels approached each other, the Robert Graham Dun having the wind free, and the Captain John being closehauled

on the port tack, and having the right of way, the latter vessel changed her course, and ran across the bows of the Robert Graham Dun, and thus caused the collision. The evidence and facts in the case are fully discussed in the opinion filed by the district judge, and it is only necessary here to say that this court fully agrees with his conclusion in these particulars, and the reasons given for arriving at them. We refer to and adopt his opinion as the opinion of this court.

The administrators of the three men who were drowned filed claims in the court below to recover damages for their sufferings. The claims were referred by the court to a commissioner. It appeared that about an hour after the collision the steamer H. F. Dimock, on her trip from Boston to New York, passed over the wreck, and those on board of her saw the face of one man clinging to the rigging, and heard shrieks from the wreckage, as coming from several persons. Nothing was awarded upon the claims on account of the death of the men, but in each case the sum of $3,500 was awarded by the commissioner for their mental and physical suffering while being submerged in the water, and the award was confirmed by the court, and the amounts decreed to the claimants. We think the evidence was sufficient to justify the finding that the three men survived until they were swept from the wreck by the H. F. Dimock, but the amounts awarded were clearly excessive. There was no evidence that the men suffered any injury beyond what would be caused by remaining in the water for the space of a single hour, and for that, even taking into consideration the danger attending their situation, we think that the sum of $350 is sufficient.

The amount awarded as the value of the Captain John was $1,000, and to this the owners of the Robert Graham Dun objected as excessive. None of the witnesses estimated the value of the vessel at less than $600, while others valued it at from $1,500 to $2,000. There seems to be no reason to disturb the decree of the court below in this particular.

It appears by the record that, in the costs allowed to the claimants, the sum of $37.70 was taxed as travel for witnesses out of the district in excess of 100 miles, and to this error was assigned. But this seems to have been merely the taxation by the clerk. Nothing in the record shows that this was brought to the attention of the judge by appeal, or in any other manner, or that the court ever passed upon the question whether such travel was properly taxable as costs. As the question was not submitted to or considered by the court, this assignment of error has no foundation to rest upon.

Whether the claims of the deceased seamen are of such a nature as to survive in admiralty is a question that was not raised at the argument, and has not been considered by the court.

The decree of the court below in favor of the owners of the Captain John is affirmed, with interest and costs; the amounts awarded in the court below in favor of the deceased seamen to be reduced in each case to $350, without costs in this court to either appellants or appellees.