Rockingham, }
Nov. 8, 1916. }

WILLIAM H. WELCH, *Adm'r*, v. BOSTON & MAINE RAILROAD.

Due care is often inferable from the circumstances attending an accident in connection with the injured person's presumed knowledge of the situation.

That the death of a person suddenly killed by a railroad train was attended by physical and mental suffering may be inferable from the circumstances of the accident.

Under Laws 1913, *c*. 201, *s*. 1, limiting to $10,000 the amount of damages recoverable in actions of tort for physical injuries, the damages are to be assessed on the basis of the loss suffered by the deceased and his estate, not the loss suffered by his surviving relatives; but where damages have been assessed at less than $7,000, the question is immaterial whether a surviving relative be in fact dependent.

CASE, for negligence resulting in the death of the plaintiff's intestate, Thomas Ford. Trial by jury and verdict for the plaintiff.

Transferred from the October term, 1915, of the superior court by *Pike*, C. J.   Ford was killed December 25, 1914, at the passenger station at Exeter.   He was at the time employed as an express messenger of the American Express Company, in which capacity he had been employed for some years.   Shortly before the accident he had transferred some packages from a truck to an express car, constituting a part of a train that had just arrived, called the west bound train, and which was standing on the west bound track. Easterly of this track some seven feet there was another track called the east bound track upon which another train was about due. Between the two tracks there was a concrete platform, from which a cross-over led to the main platform of the station.   After his work at the express car, Ford started, walking backwards, to pull the truck over the platform and across the east bound track to the station. The plaintiff's evidence tended to show that Ford had pulled the truck very near that track, and was apparently intending to cross it at the cross-over, when the east bound train came in at about eight miles an hour, struck the truck and hurled him across the platform and under the car-wheels of the west bound train which was then in motion.   His head was severed from his body.   There were two other men near the truck, one of whom testified that he did not see or hear the approaching train, because of the escaping steam from the other train and the noise made by its pulling out of the station. Two witnesses for the plaintiff who were nearby testified they did not hear the bell ring on the locomotive of the incoming train.   The defendant moved for a nonsuit; the motion was denied subject to exception.   Other exceptions are stated in the opinion.

*Horace I. Bartlett* (of Massachusetts), *Ernest L. Guptill* and *William H. Sleeper* (*Mr. Bartlett* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

WALKER, J.   The defendant contends that there was no evidence to justify the finding that the deceased was in the exercise of ordinary care at the time of the fatal accident.   That there was evidence of the defendant's negligence proximately contributing to the accident is conceded.   It is claimed that Ford was unreasonably careless in attempting to go over the crossing with the express truck in front of the incoming locomotive, or that it could not be found that he was

using ordinary care in attempting to cross. But due care is often inferable from the circumstances attending an accident in connection with the injured person's presumed knowledge of the situation. *Minot* v. *Railroad,* 73 N. H. 317. The mere fact that the deceased's account of what occurred is necessarily wanting, does not prevent his administrator as a matter of law from showing that under the circumstances he was probably exercising due care. While it may be conceded that Ford knew from his long experience in handling express matter at the Exeter station that the east bound train was due to come in at about the time he was intending to cross the track, he also knew that, under the usual method of approaching the station, it would not come in without the ringing of the bell on the locomotive, or in the absence of any adequate signal of its approach. Two witnesses who were near the truck when the collision occurred testified that they heard no ringing of the bell or other signal from the locomotive. As there was evidence that while he was going across the platform his back was towards the train so that he could not see the headlight of the locomotive and that he was apparently watching one of the wheels of the truck, it is not a mere guess to infer that he relied upon the usual warning to notify him that the train was about to occupy the crossing. It cannot be said that no reasonably careful express agent or workman would not do as he did under similar circumstances. This view of the evidence makes it clear that no error was committed in submitting the case to the jury. Whether the verdict can be sustained upon other grounds, it is unnecessary to inquire.

The defendant excepted to the charge to the jury that they might assess damages for Ford's mental and physical suffering if they found he experienced such suffering. It is claimed that there was no evidence from which such a finding could be made. That he must have endured great mental anguish after he realized the danger of his situation, as soon as the truck was struck by the train and he was hurled across the platform and under the other train, is clearly apparent from the manner in which he was killed. *Yeaton* v. *Railroad,* 73 N. H. 285; *Sanders* v. *Railroad,* 77 N. H. 381. Nor is it conjecture to infer that he also suffered physical pain in consequence of the force which, applied to his body, carried him across the platform. *Clark* v. *Manchester,* 64 N. H. 471.

The court in substance instructed the jury that the statute (P. S., c. 191, s. 11; Laws 1913, c. 201, s. 1) limited the amount of the damages that may be recovered in a case like the present to $7,000,

unless there is a dependent father, in which case the limit is $10,000, and that they might find that Ford's father was dependent upon him and return a verdict not exceeding $10,000. The defendant excepted to the charge upon the ground that the evidence did not warrant a finding that Ford's father was dependent upon him. But it is unnecessary to consider the sufficiency of the evidence since the amount of the verdict was less than $7,000. The dependency of the father was not an element of damage which the jury was authorized to consider in determining the pecuniary extent of the injury. The statute does not attempt to give it that quality but merely establishes a limit to the recoverable damages, although in fact the actual damage may exceed the statutory limit. In *Carney* v. *Railway*, 72 N. H. 364, 376, it is said: "So, it appears that the damages are to be assessed on the basis of the loss suffered by the deceased party and his estate,—not the loss suffered by his surviving relatives, although the damages when recovered go to them." Upon the presumption that the jury assessed the damages at less than the prescribed limit in accordance with the law, and did not include therein as an element of damage the dependent condition of the deceased's father, it is immaterial whether the evidence warranted a finding that he was in fact dependent, and the defendant's exception is of no practical importance.

*Exceptions overruled.*

All concurred.