Merrimack, }
April 5, 1921. }

FREDERICK A. JORDAN, *Adm'r,* v. BOSTON & MAINE RAILROAD.

Where the issue is as to the negligence of a motorman in operating a car which collided with an automobile at a street crossing, his testimony that in his experience the drivers of automobiles customarily slackened their speed or turned out is relevant.

An instruction that "all the eye-witnesses agree that the automobile ran into the car" was not erroneous, though the witnesses may have contradicted their own testimony, because the court also instructed the jury that it was for them to consider the effect of these contradictions.

CASE, for negligently causing the death of the plaintiff's intestate. Trial by jury and verdict for the defendants.

The plaintiff's intestate, who was riding as a guest in an automobile, sustained fatal injuries in a collision between the automobile and an electric street car of the defendants, at the intersection of Allison street and Broadway in the city of Concord. The plaintiff claimed that the accident was due to the negligence of the defendants' motorman; the defendants, that it was caused by the carelessness of the driver of the automobile. Exceptions were taken by the plaintiff

to remarks of counsel, to the introduction of evidence, and to the instructions of the court. The facts relevant to the exceptions are stated in the opinion. Transferred from the April term, 1920, of the superior court by *Branch*, J.

*Robert W. Upton* and *Joseph C. Donovan* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. William N. Rogers* orally), for the defendants.

PLUMMER, J.   Exception was taken by the plaintiff to the evidence of the motorman of the electric car, who testified in substance that it had been his experience as a driver of electric cars that automobile drivers meeting electric cars at the intersection of streets customarily slackened their speed or turned, and allowed the electric cars to pass. The position of the plaintiff that the negligence of the motorman caused the accident raised the issue whether his conduct was that of a reasonable man under all the circumstances.   As bearing upon that issue, the defendants introduced the evidence of the motorman to show his knowledge, acquired from his experience, of the customary conduct of automobile drivers when meeting electric cars at the intersection of streets.   There can be no doubt that this testimony was properly admitted.   If it was a custom, known to the motorman, which his evidence tended to prove, for drivers of automobiles when meeting electric cars at the intersection of streets, to slacken their speed or turn, and allow electric cars to pass, then this was one of the circumstances that might properly influence his conduct in the management of his car.   And this circumstance might have great weight with the jury in determining whether the motorman was negligent.   The jury might conclude that it was not unreasonable for him to assume that the driver of the automobile upon the occasion of the accident, would act as drivers, according to his knowledge and belief, customarily did under similar circumstances, and taking that into consideration they might find that he was in the exercise of due care.   There is no reason why the knowledge or belief of a person should not be shown, if it has a legitimate tendency to affect his con-- duct relative to the matter in controversy.   We are constantly controlled and influenced in the ordinary matters of life by our knowledge and beliefs.   And whether our acts are those of reasonable men are frequently determined thereby.   The following cases sustain this

principle: *State* v. *Railroad*, 58 N. H. 408, 410; *Nutter* v. *Railroad*, 60 N. H. 483, 485; *Davis* v. *Railroad*, 68 N. H. 247, 251; *Smith* v. *Railroad*, 70 N. H. 53, 85; *Minot* v. *Railroad*, 73 N. H. 317, 320; *Piper* v. *Railroad*, 75 N. H. 228; *Welch* v. *Railroad*, 78 N. H. 277, 279.

The court in his instructions to the jury stated that "all the eye-witnesses agree that the automobile ran into the car." The plaintiff excepted to this statement. All the persons, who witnessed the collision, and saw the impact between the electric car and the automobile, testified that the automobile struck or ran into the car. They all testified upon this point alike. Therefore there could be no error in telling the jury that all the eye-witnesses agree that the automobile ran into the car. The plaintiff asserts that other testimony of these witnesses contradicted their own testimony and that of others, and showed that the car ran into the automobile. If so, the jury were at liberty to so find. In fact the court instructed the jury that where the witnesses had been contradicted by other witnesses, or had made contradictory statements themselves, it was for the jury to consider what would be the effect of these contradictions upon the testimony. The plaintiff contends that the instruction is erroneous because the driver of the automobile was an eye-witness to the accident, and he did not testify that the automobile ran into the car. It is true that he did not so testify. But it is also true that he did not see the collision and the impact between the car and the automobile, and he makes no claim that he did. He stated in evidence that he started to cross the street "and it seemed like a dark cloud rose up there and that is the end of it." He was then asked if something struck him, and he replied: "I couldn't say, something happened, that is all there was to it." This testimony demonstrates that he did not see the impact. He had no knowledge of what happened. And the instruction of the court, which eliminated him as an eye-witness to the collision, was not erroneous.

The plaintiff excepted to the charge of the court relating to damages. As the jury did not reach the question of damages, there is no occasion to consider this exception.

During the cross-examination of a plaintiff's witness, counsel for the plaintiff interrupted, and said that he would agree that the interrogative statement made to the witness was correct. Counsel for the defendants replied: "Never mind, I am asking Mr. Gay. You were not operating the automobile, Mr. Upton, if you had been this accident wouldn't have happened." To this remark the plaintiff excepted. It is not understood that the plaintiff relies upon this

exception. At all events it was merely a colloquy·between counsel which the court found did not render the trial unfair. And it cannot be said, as a matter of law, that the remark was so inconsistent with the requirements of a fair, legal trial that the verdict should be set aside.

*Exceptions overruled.*

All concurred.