# THE PRINCESS SOPHIA. *

### Petition of CANADIAN PAC. RY. CO.

District Court, W. D. Washington, N. D.
August 27, 1929.

No. 4553.

*For opinion denying rehearing, see 36 F.(2d) —.

Bogle, Bogle & Gates and Lawrence Bogle, all of Seattle, Wash., for petitioner.

William Martin, of Seattle, Wash., for claimants.

NETERER, District Judge (after stating the facts as above). In the argument before the court and the briefs presented the claimants strongly contend that limitation was unwarranted, and that in the consideration of damages the court should consider the acts of omission and commission leading to the casualty, and that the conscience of the court should assess damages in accordance with right, and that the court is not bound by the strict rules of law with relation to the assessment of damages, and that interest should be charged from date of death.

In considering the commissioner's report and the exceptions, the court has only to determine the sufficiency of the claims which have been filed, whether filed by the proper parties within the period of limitation provided by the Alaska statute and whether proof is submitted to show the loss which the estate of the deceased maintained, and whether interest should be charged on claims allowed. The issue of limitation and total exemption has been disposed of, so far as this court is concerned.

The only parties interested in the fund for distribution by the court are the claimants. As to the apportionment the petitioner has no concern. No objections have been made to any claim by a claimant, and no exceptions have been taken by any claimant party in interest to the findings and conclusions of the commissioner. All of the claims are filed under oath in harmony with the rules of this court and the law, and, so far as the claims to the fund to be apportioned are concerned, the exceptions to each and all are denied.

■ Exception being taken to the order of the court limiting liability, and appeal being imminent to review the same, and, if reversed, the appellate court as a final tribunal to assess the damages as the law and the proofs warrant, a concise consideration of the exceptions filed follows:

The right of recovery is clearly statutory, predicated upon section 1185 of the Code of Civil Procedure of Alaska: "When the death of a person is caused by the wrongful act

or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed ten thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of administration, and when he or she leaves no husband, wife, or children, him or her surviving, the amount recovered shall be administered as other personal property of the deceased person; but the plaintiff may deduct therefrom the expenses of the action, to be allowed by the proper court upon notice, to be given in such manner and to such persons as the court deems proper."

This statute was construed by the Court of Appeals of this circuit in Jennings v. Alaska Treadwell Gold Mining Co., 170 F. 146, 148, and adopted the construction of the Oregon Supreme Court in Perham v. Portland Electric Co., 33 Or. 451, 53 P. 14, 24, 40 L. R. A. 799, 72 Am. St. Rep. 730. Judge Morrow said, in considering the measure of damages: "The Alaska Code of Civil Procedure is substantially the same as the Oregon Code * * * and section 353 (now 1185) of the Alaska Code is identical with section 381 of the Oregon Code * * * with the following exceptions: In the Alaska Code the amount that may be recovered 'shall not exceed $10,000.00'; while in the Oregon Code the amount that may be recovered 'shall not exceed $5,000.00.'"

And states the rule: "In such case the amount recovered should be administered as other personal property of the deceased person as provided in the Oregon statute; that is to say, the amount received should be for the benefit of the estate, and the damage to the estate would therefore be the value of the life to the estate, measured by the earning capacity, thriftiness, and probable length of the life of the deceased."

There is a distinction in the nature and measure of damages to the injured person, or a right given to the surviving spouse or dependents, or a statutory right for the benefit of the estate. In the first would be included pain, suffering, etc.; and in marine torts admiralty courts sometimes give or withhold damages upon enlarged principles of justice and equity, where the issue bears a personal relation and the injured party was guilty of contributory negligence. Judge Deady in Peterson v. The Chandos (D. C.) 4 F. 645, and also in Holmes v. Oregon Ry. (D. C.) 5 F. 523, and Judge Hughes in The Manhasset (D. C.) 19 F. 430, denied recovery to the injured person where his negligence contributed to his injury, even though the vessel was in fault. Judge Pardee in The Explorer (D. C.) 20 F. 135, and The Wanderer (C. C.) 20 F. 140, said, where the vessel and the injured person were both in fault, in cases of marine torts, courts of admiralty could "exercise a conscientious discretion and give or withhold damages upon enlarged principles of justice and equity," and permitted recovery by the injured party. And the Supreme Court in The Max Morris, 137 U. S. 1–14, 11 S. Ct. 29, 33, 34 L. Ed. 586, said: "Contributory negligence in a case like the present should not wholly bar recovery. There would have been no injury to the libelant but for the fault of the vessel; and, while, on the one hand, the court ought not to give him full compensation for his injury where he himself was partly in fault, it ought not, on the other hand, to be restrained from saying that the fact of his negligence should not deprive him of all recovery of damages. As stated by the district judge in his opinion in the present case, the more equal distribution of justice, the dictates of humanity, the safety of life and limb, and the public good, will be best promoted by holding vessels liable to bear some part of the actual pecuniary loss sustained by the libelant, in a case like the present, where their fault is clear, provided the libelant's fault, though evident, is neither wilful nor gross nor inexcusable, and where the other circumstances present a strong case for his relief. * * * The mere fact of the negligence of the libelant as partly occasioning the injuries to him, when they also occurred partly through the negligence of the officers of the vessel, does not debar him entirely from a recovery." In the second, loss to the beneficiary, which would include loss to the named person by way of contribution, support, including elements which may not be approximated in money, such as love and affection, aside from the financial loss; third, to the estate, where it is made as nearly as may be to the financial returns which could reasonably be expected, what investments or savings have been effected during the lifetime, the reasonable expect-

ancy or certainty of continued savings, and, giving consideration to his age, health, habits, disposition, and capacity to labor and to save, what would he likely have provided for an estate had he lived the life expectancy. See Holmes v. O. & C. Ry. Co., supra; Kelley v. Cent. R. R. of Iowa (C. C.) 48 F. 663; In re California Nav. & Imp. Co. (D. C.) 110 F. 670.

■ The right of action, being statutory, can continue only during the life of the cause of action. The life of the right to sue is "two years after the death." The statute creates a new legal right and liability, and fixes the time within which it must be asserted. The condition to assert it is attached to the right, and, as stated by Chief Justice Waite in The Harrisburg, 119 U. S. 199, at page 214, 7 S. Ct. 140, 147, 30 L. Ed. 358: " * * * It would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

In Western Fuel Co. v. Garcia, 257 U. S. 233, 42 S. Ct. 89, 66 L. Ed. 210, the Supreme Court said that a state statute prescribing one year as the period within which a statutory action for death because of wrongful act or negligence shall be brought governs the libel in personam brought in the admiralty courts for the damages sustained by those to whom such right of action is given for a death upon the navigable waters of such state caused by maritime tort committed on such waters. See, also, International Navigation Co. v. Lindstrom (C. C. A.) 123 F. 475, 476; Swanson v. Atlantic, Gulf & Pacific Coast (D. C.) 156 F. 977; Kavanagh v. Folsom (C. C.) 181 F. 401; Williams v. Quebec, etc. (D. C.) 126 F. 591; Denver & Rio Grande R. R. Co. v. United States (C. C. A.) 241 F. 614; Borovitz v. American Hard Rubber Co. (D. C.) 287 F. 368; The Northwestern (D. C.) 26 F.(2d) 290.

■ The restraining order against bringing other actions does not enlarge the limitation. All parties were invited to file their claims in this proceeding.

The right of action being created and limited by the same act, failure to assert the right within the limited period bars recovery. Filing a claim in a limitation proceeding is the libel in personam in an admiralty action. In re Davidson S. S. Co. (D. C.) 133 F. 411; The Pere Marquette 18 (D. C.) 203 F. 127. It must follow that exceptions to all claims (see (1) set out in margin) filed more than two years after the 25th day of October, 1918, must be disallowed.

■ The personal representatives of deceased seamen who have been compensated by the petitioner under the Workmen's Compensation Act (see (2) in margin) of British Columbia, Canada, which provides:

"12, (1) The provisions of this Part shall be in lieu of all rights of action to which a workman or his dependents are entitled, either at common law or by any statute, against the employer of the workman for or by reason of any accident which happens to him arising out of and in the course of his employment, and no action against the employer shall lie in respect of the accident.

"(2) A workman under the age of twenty-one years, and working at an age and in an employment permitted under the Laws of the Province, shall be deemed sui juris for the purposes of this part, and no other person shall have any cause of action or right to compensation for an injury to the workman except as expressly provided in this Part.

"(3) Where an action in respect of an injury is brought against an employer of a workman or a dependent, the Board shall have jurisdiction upon the application of any party to the action to adjudicate and determine whether the action is one of the right to bring which is taken away by this Part, and such adjudication and determination shall be final and conclusive; and if the Board determines that the action is one of the right to bring which is taken away by this Part the action shall be forever stayed 1916, c. 77, s. 11."—

are barred from recovery in this proceeding. See In re Famous Players Lasky Corporation (The Llewellyn J. Morse) (D. C.) 30 F.(2d) 402; Workmen's Compensation Board v. C. P. Ry. Co., 1920 App. Cas. (L. R.) 184; Peter v. Yorkshire Estate Co.,

---

(1) The following estates represented by number corresponding to same in commissioner's report: 7, 8, 13, 16, 18, 20, 23, 24, 32, 33, 34, 35, 36, 37, 45, 50, 51, 52, 53, 58, 61, 62, 65, 69, 70, 71, 72, 76, 78, 81, 84, 87, 91, 94, 95, 102, 106, 110, 115, 118, 119, 136, 141, 154, 155, 158, 159, 161, 163, 165, 169, 171, 172, 173, 174, 187, 188, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199a, 199c.

(2) Nos. 87, 118, 166, and 26 (corresponding to numbers given in commissioner's report).

Ltd., 1920 App. Cas. (L. R.) 513; McCall v. C. P. Ry. Co., 1923 App. Cas. (L. R.) 126. Payment to heirs does not bar claim of the estate.

■■ The exceptions to the claims of heirs allowed by the Commissioner must be sustained (see (³) in margin). The right of recovery is given to the personal representatives of the estate by the statute. No common-law right of action to the heirs is available. The right of action, being given to the administrator or executor in his representative capacity, is in the nature of an asset of the estate. Heirs have no interest in the recovery on account of any right of action for pecuniary injury sustained by them. Perham v. Portland Gen. Electric Co., 33 Or. 451, 53 P. 14, 24, 40 L. R. A. 799, 72 Am. St. Rep. 730. To the same effect is Carlson v. Oregon Short Line, 21 Or. 450, 28 P. 497; see, also, Jennings v. Alaska Treadwell Gold Mining Co. (C. C. A.) 170 F. 146.

To present a valid claim, the representative capacity must be established. Issuance of letters testamentary must be shown, and, if issued in another state, to have extraterritorial force, the right must be conferred by statute. The Washington statute confers no such right, and the state court does not recognize the personal representative of a deceased person from another state. Barlow & Sheppard v. George Coggan, 1 Wash. Terr. 257; see, also, State, etc., v. Superior Court, etc., 52 Wash. 149, 100 P. 198; St. Louis, etc., Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129. In Colvin et al. v. Jones et al., 194 Mich. 670, 161 N. W. 847, 850, it is said: "Foreign law furnishes the rule of decision as to the validity of the title to the thing claimed; but in respect to the legal assertion of that title it has no extraterritorial force."

The Supreme Court in Dennick v. R. R. Co., 103 U. S. 11, at page 19, 26 L. Ed. 439, said: "Let it be remembered that this is not a case of an administrator, appointed in one State, suing in that character in the courts of another state, without any authority from the latter. It is the general rule that this cannot be done."

■ The exceptions to the claims asserted by foreign administrators or executors, as to the petitioning company, must be sustained (see (⁴) in margin).

What has been said with relation to the rule of recovery forces the conclusion that under the Alaska statute increased costs of living to the widow, Drowne v. Great Lakes Transit Corp'n (C. C. A.) 5 F.(2d) 58, comfort, love, consolation, and affection to the bereft, the financial responsibility of the petitioner, equal distribution of justice, or dictates of humanity would not warrant the court in finding a pecuniary loss where none is shown by the evidence. The court could not in good conscience say that a party 35, 40, 50, or 60 years of age, or any age, who has not shown some result of saving and saving habit and position of expectancy, in all reasonable probability, would leave an estate of present worth at the end of life expectancy. Health, earning capacity, and employment, contributions to charity, or "living well," being a "good fellow," without some evidence of accumulation and saving habit, does not create a presumption of itself to support such finding. The exceptions are therefore sustained as to all claimants, except the following; as to which, the exceptions are denied: Nos. 2, 27, 28, 30, 31, 44, 54, 55, 56, 57, 61, 66, 68, 86, 104, 111, 115, 125, 129, 133, 143 (corresponding to numbers given in Commissioner's report).

■ It is urged that the findings of the commissioner on the issue of damages are conclusive upon the court upon conflicting evidence, unless clearly against the weight of the evidence. Luckenbach S. S. Co. v. Campbell (C. C. A.) 8 F.(2d) 223; Cary-Davis Tug & Barge Co. v. United States (C. C. A.) 8 F.(2d) 324. This has always been the rule of this court. In the instant case, where exceptions have been sustained as to the petitioner on damages, there is no conflict of evidence, but failure of evidence. The rule has therefore no application.

■ The general rule is that interest will not be allowed upon unliquidated demands prior to the time when such demands are merged in judgment. Wright v. City of Tacoma, 87 Wash. 334, 151 P. 837. In United States v. Skinner & Eddy Corp'n, 28 F.(2d) 373, at pages 385, 386, this court said: " * * * it may be stated that interest is allowable when a claim is stated, or liquidated as to amount. * * * it was not stated, or liquidated or declared by the parties as to amount, nor could it be determined by com-

---

(³) Nos. 17, 19, 34, 46, 63, 71, 91, 93, 98, 109, 123, 124, 136, 137, 140, 145, 165 (corresponding to numbers given in commissioner's report). 136 and 165 appear in margin (¹).

⁴ Nos. 1, 10, 15, 16, 20, 32, 33, 36, 37, 40, 41, 47, 53, 65, 69, 70, 73, 74, 75, 84, 94, 97, 105, 106, 107, 110, 112, 121, 126, 131, 144, 146, 154, 155, 161, 163, 169, 170, 174, 181, 184, 187, 190, 199b, 199c (corresponding to numbers given in commissioner's report). Nos. 1, 16, 20, 32, 33, 36, 37, 53, 65, 69, 70, 84, 94, 106, 110, 154, 155, 161, 163, 169, 174, 187, 190, and 199c included in margin (¹).

putation, and required evidence to establish the amount \* \* \* and \* \* \* is allowable only from date of decree." Claimants' exceptions are denied.

An order may be presented on notice.

