241 F.2d 57
 WIEN ALASKA AIRLINES, Inc., Appellant,
v.
Samuel SIMMONDS, Administrator of the Estate of Martha Simmonds, Deceased, for the benefit of Samuel Simmonds, and the children of the deceased, namely, Leona Simmonds, Nellie Simmonds, Doreen Simmonds, Eli Simmonds, Margaret Simmonds, and Arnold Simmonds, Appellee.
 No. 15149.
 United States Court of Appeals Ninth Circuit.
 February 11, 1957.
 
 Collins, Clasby & Sczudlo, Fairbanks, Alaska, for appellant.
 Robert A. Parrish, Fairbanks, Alaska, for appellee.
 Before HEALY, CHAMBERS, and HAMLEY, Circuit Judges.
 HEALY, Circuit Judge.
 
 
 1
 This is an appeal by Wien Alaska Airlines from a judgment of the district court entered on the verdict of a jury.
 
 
 2
 Martha Simmonds met her death on October 10, 1951, in the crash of an airplane in Alaska growing out of Wien's negligence. Surviving her were her husband and six minor children. The widower, as administrator, brought suit against Wien for wrongful death, alleging in his complaint pecuniary damages in the sum of $15,000 suffered by the survivors in consequence of the death of the wife and mother. Wien moved for a dismissal on the ground that the complaint failed to state any recoverable damages under the Alaska wrongful death statute. Its motion was denied.
 
 
 3
 On the trial evidence was introduced, over Wien's objection, of the loss suffered by the survivors as a result of Mrs. Simmonds' death. No evidence was presented as regards damages ensuing to Mrs. Simmonds' estate. Wien asked an instruction to the effect that the measure of damages was the loss to the decedent's estate, and the request was denied by the court. Instead, over Wien's objection, the jury were instructed that the proper measure of damages was the loss to the survivors. The jury returned a verdict in the amount of $11,500, and judgment in that amount was entered for the administrator.
 
 
 4
 The sole question before us on the appeal is the correct measure of damages applicable under the Alaska wrongful death statute where, as here, the decedent is survived by a spouse and children. Is the measure the pecuniary loss to the estate, or is it that of the survivors? We are satisfied that it is the latter.
 
 
 5
 In 1900 Congress enacted a civil code for Alaska which was largely taken from the codes of the State of Oregon. This civil code provided by the Congress included a wrongful death statute, 31 Stat. 321, 392, Tit. II, § 353, which will be found in the Alaska Code of 1949, § 61-7-3.[1] The trial court viewed this statute as governing the case.[2] It reads as follows:
 
 
 6
 "When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefore against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed fifteen thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of administration, and when he or she leaves no husband, wife, or children, him or her surviving, the amount recovered shall be administered as other personal property of the deceased person; but the plaintiff may deduct therefrom the expenses of the action, to be allowed by the proper court upon notice, to be given in such manner and to such persons as the court deems proper." [Emphasis supplied.]
 
 
 7
 The italicized language represents Congress' addition to the then-existing Oregon wrongful death statute.[3] It is significant that two years prior to this Congressional enactment the measure of damages under the Oregon statute had been held by that state's highest court to be the loss to the estate, whether or not there were survivors. Perham v. Portland Gen. Elec. Co., 1898, 33 Or. 451, 53 P. 14, 19, 24, 40 L.R.A. 799. In departing from the Oregon statute, Congress evidently intended a change from the result reachable under that statute in cases where, as here, there are survivors. In other words, Congress intended to avoid the rule of the Perham case and to make the measure of recovery the loss to the survivors in cases where there are survivors.
 
 
 8
 In 1909 this court, in Jennings v. Alaska Treadwell Gold Min. Co., 9 Cir., 170 F. 146, was called upon to construe the Alaska statute here in question. In that case the decedent had left no survivors. The court held that in such circumstances the measure of damages was the loss to the estate. As we have done here, the court in Jennings took note of the Oregon court's decision in the Perham case, supra, and of the provisions added by Congress in 1900 upon its partial adoption for Alaska of the Oregon wrongful death statute. The clear thrust of the Jennings holding was that if the decedent had left survivors, then the Congressional enactment would require that the measure of damages be the loss to them. See 170 F. at pages 148-149 of the opinion.
 
 
 9
 Wien cites The Princess Sophia, D.C. W.D.Wash.1929, 35 F.2d 736, affirmed 9 Cir., 1932, 61 F.2d 339, as authority for the proposition that the measure of damages here is the loss to the estate. In that case there were survivors, and the district court said that the measure of damages was the loss to the respective estates. 35 F.2d at page 738. This court on the appeal did not pass on the point because of mootness. See 61 F.2d at pages 354-355 of the opinion. However, the appellants' brief on the appeal in that case makes it clear that they made no claim that the measure of damages was the loss to the survivors. Their only claim here was that the district court had erroneously held that they had not proven a loss to their respective estates. See 35 F.2d 740. Since the issue before us was not so much as raised in The Princess Sophia, that case is of no help here.
 
 
 10
 Kreidler v. Ketchikan Spruce Mills, D.C.D.Alaska 1943, 10 Alaska 365, is also relied upon by Wien. In that case there were survivors, but they suffered no loss. 10 Alaska at page 372. In holding the measure of damages to be the loss to the estate the district court did not advert to Jennings, supra, nor to the pertinent legislative history of the Alaska statute.
 
 
 11
 We may add that in view of the enactment by the Territory of its 1955 wrongful death statute (see footnote 2 above) the question raised here is no longer of the consequence it formerly possessed.
 
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The recovery ceiling of $10,000 was increased to $15,000 by Alaska Session Laws 1949, c. 89
 
 
 [2]
 Prior to the trial below a new wrongful death statute was enacted by the Territory, Alaska Session Laws 1955, c. 153. Under this statute it is entirely clear that the measure of damages in a case like the present is the loss to the survivors. We need not consider whether the 1955 Act governs here in view of the construction which we reach of the Congressional enactment as amended in 1949
 
 
 [3]
 Oregon C.C.P. § 381, B. & C.Comp