## THE ARGUS.

### (District Court, D. Massachusetts. March 9, 1900.)

### No. 1,006.

ADMIRALTY—PROCEEDING FOR LIMITATION OF LIABILITY—TIME FOR FILING CLAIMS.

In a proceeding by the owners of a vessel for the limitation of their liability for damages on account of a collision, and to contest their liability, where the vessel has been appraised, and a stipulation given by the petitioners for her release, the court is not precluded, either by the statute or by the rules in admiralty, from permitting the filing of claims after the time fixed by the monition therefor has expired, where the fund still remains in court undistributed, and a proper showing is made, upon such terms as may appear equitable.

In Admiralty. Petition by the owners of the steamtug Argus for limitation of liability for damage caused by a collision. On petition for leave to file claims after default. Granted.

Carver & Blodgett and John Lowell, for the Argus.
Edward S. Dodge and James J. Macklin, for owners of the Pierpont.
Saxe & Saxe, for petitioners.

LOWELL, District Judge. The owners of the steamtug Argus filed a petition to limit their liability for damage caused by a collision with the ferryboat Pierpont in the harbor of New York, and contested their liability for such damage. Upon this petition proceedings were had, and the Argus was appraised at $10,000. Her owners entered into a stipulation for that sum, with proper sureties, and the vessel was released. She has since been lost. A monition was issued, citing all persons claiming damages to appear on or before August 4, 1899. This monition was published, and return made thereon. The owners of the Pierpont made proof of their claims and filed their answer, contesting the right of the libelants both to an exemption from liability and to a limitation thereof. Upon December 26, 1899, certain passengers on the Pierpont, not residents of this district, filed a petition for leave to appear and prove their claims for damages against the Argus; seeking to share in the distribution of the fund secured by the stipulation. This petition was supported by affidavits setting out that the petitioners had no knowledge of the original petition to limit liability before the end of November, 1899. The representatives of the Argus, as well as those of the Pierpont, contend that this court has no authority to grant the petition of the Pierpont's passengers, but is

compelled by the admiralty rules to deny the same and to exclude all claims presented subsequent to the return day of the monition. They further contend that, if this court has discretion to grant the passengers' petition, yet the discretion should not be exercised in this case.

Upon the first contention no cases in point are cited by counsel on either side, but I can perceive no sound reason why, under some circumstances, this court should not permit petitioners to present and prove their claims after the return day of the monition. To treat the passage of that return day as an absolute bar to all claims seems to me unreasonable, and would in some cases work manifest injustice. Nothing in the rules expressly forbids this court to admit claims subsequently presented. The words "in pursuance of said monition," in rule 55, do not, I think, necessarily exclude them. The principal object of the act of congress which the admiralty rules were framed to carry out was not, as I conceive, to limit the time in which actions can be brought against the owner of a vessel, but to limit his liability to the value of his interest in the vessel. Doubtless the fifty-sixth admiralty rule permits the owner of a vessel not only to limit his liability, but also to exempt himself from all liability; but, upon the whole, I do not think that there appears from the statute and rules, taken together, and from opinions rendered in the various federal courts, sufficient evidence that congress or the supreme court intended in the latter respect to give him the benefit of a three-months statute of limitations while the fund remains in court. The passengers in this case, by failing to appear and prove their claims, were in default, if not within the letter of admiralty rule 29, yet within its analogy. I am of opinion, therefore, that this court has authority, upon a proper showing, to admit claims presented subsequent to the return day of the monition. In the case of The Alva they were admitted by this court against objection, though the objection was waived in the court of appeals.

Upon the facts made to appear by the affidavits of the petitioning passengers, and by other papers in the case, I doubt if I ought to exercise my discretion to grant their petition; but, upon the whole, I shall permit them to present their claims, with answers contesting the right of the owners of the Argus to an exemption from liability, upon their paying all costs of the suit (both those of the Argus and of the Pierpont) up to the time of the filing of their petition. They are not to be permitted to contest the right of the owners of the Argus to a limitation of liability. Their petition to proceed in forma pauperis is denied, but a stipulation in the amount of $100 from each will be accepted. Order accordingly.