## LA BOURGOGNE.

(District Court, S. D. New York. October 31, 1900.)

1. ADMIRALTY—INTERROGATORIES—PRIVILEGE OF PARTY.

A claim of privilege from answering interrogatories annexed to answers under admiralty rules 31 and 32 in a proceeding by a vessel owner for limitation of liability can only be made on the ground that the answers will expose the petitioner to a criminal prosecution, or to such penalties or forfeitures as may be the subject of a penal or criminal proceeding. That the answers may show that the loss or damage occurred through his "privity or knowledge," and thus deprive him of the right to a limitation of liability under Rev. St. § 4283. does not entitle him to refuse to answer, as the loss of such right is not a forfeiture within the meaning of the rules.

2. SAME.

The owner of a foreign passenger steamship petitioning for limitation of liability for loss of property and life resulting from the sinking of the vessel cannot be required to answer interrogatories annexed to the answers of damage claimants, under admiralty rule 32, over its claim of privilege, where the purpose of such interrogatories is to show that the vessel left an American port without being provided with life boats, disengaging apparatus, and water-tight bulkheads, as required by Rev. St. §§ 4488, 4489, 4500, since such sections impose a penalty for the failure to provide such equipment, and are applicable to private foreign steam vessels which carry passengers.

In Admiralty. On exceptions to interrogatories filed with answers.

Jones & Govin, for petitioner.

Benedict & Benedict, Hunt, Hill & Betts, and A. Gordon Murray, for various damage claimants.

BROWN, District Judge. Numerous persons who have made claims against La Compagnie Generale Transatlantique for loss of property and life in the sinking of the steamship La Bourgogne by collision on a voyage from New York to Havre in July, 1898, have answered the petition of the company filed in this court for the purpose of limiting its liability for such losses, and to their answers have annexed numerous interrogatories addressed to the petitioner, to which exceptions have been filed, on the ground that the petitioner is privileged from answering such interrogatories under rules 31 and 32 of the supreme court in admiralty, as likely to expose the petitioner to a penalty or forfeiture. A few of the interrogatories are clearly not subject to this exception, and the allowance or modification of these is noted upon the papers.

I must. however, sustain the general ground of exception taken to some of the interrogatories, so far only as the subjects referred to would, if proved, bring the petitioner within our statutes imposing penalties and forfeitures. The petitioner is not entitled to a limitation of liability under section 4283, Rev. St. U. S., unless the loss or damage occurred "without the privity or knowledge" of the petitioner. But the mere loss of its right to a limitation of liability under this statute, through proof of "privity" with the cause of the damage, would not be of itself such a "forfeiture" as to exempt the petitioner from answering interrogatories, or from compulsory testi-

mony as a witness. The exemption can only be based upon the lia-bility to such penalties or forfeitures, as may be the subjects of a penal or criminal proceeding. See Amendment 5, Const. U. S.; section 860, Rev. St. U. S.

In the two answers filed, which differ somewhat from each other, there are allegations that the loss was occasioned by the negligence of those in charge of La Bourgogne and by the negligence of the petitioner; that her speed in fog was immoderate; that she was navigated in a manner forbidden by law, with the knowledge of the petitioner that she would be so navigated; that no proper regulations were given to the commander, or any such direction as would insure the navigation of the steamer in accordance with law; that she was not fully manned or equipped as required by law; and that she was not provided with water-tight bulkheads, or with boats, or with boat-disengaging apparatus, as required by the law of the United States on leaving New York.

It is further charged that the petitioner has not surrendered the "freight pending," that is, the freights and passage money on that voyage, which it is alleged the petitioner collected but retained in possession, untruly stating in the petition that they were wholly lost. It is also charged that the company had received from the French government a subvention or subsidy for carrying the mails and for other services on this voyage, which the company has also retained and not submitted to the jurisdiction of the court. As the surrender of the vessel and of the "freight pending" with all that is legally covered by those terms, is a condition of the petitioner's relief, the above charges in the answers present a material issue, and the interrogatories referring to these latter points are allowed, though without now determining their legal effect when the facts are ascertained.

There are other interrogatories, referring to alleged negligence or misconduct in the management of the vessel, her speed, her course and the competency of her captain. Others still relate to the sufficiency of her equipment, her bulkheads, her small boats, and her boat-disengaging apparatus, which are subject to the regulation of the United States statutes. The latter, I think, fall within the provisions of rules 31 and 32, when considered in connection with these statutes and with the construction placed by the supreme court in the case of Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, upon the fifth amendment to the constitution providing that "no person shall be compelled in a criminal case to be a witness against himself."

Section 4463 of the Revised Statutes requires that steamers carrying passengers shall have full and sufficient officers and crew; and section 5344 declares that:

"Every captain * * * by whose misconduct, negligence or inattention the life of any person is destroyed, and every owner * * * through whose knowledge, connivance, misconduct or violation of law the life of any person is destroyed, shall be deemed guilty of manslaughter," etc.

But these two sections, cited by the petitioner, are not applicable to foreign vessels, as appears from the explanatory and declaratory act of August 7, 1882 (1· Supp. Rev. St. 383, 384; 22 Stat. 346. See,

also, 2 Supp. Rev. St. 398). By the acts last cited, however, sections 4488, 4489 and 4500 do apply to foreign private steam vessels carrying passengers; and those sections require such steamers to carry lifeboats, disengaging apparatus and water-tight bulkheads as designated in those sections, and for failure to comply therewith penalties or forfeitures are imposed varying from $500 to $1,000.

The object of most of the interrogatories to which objection is made, is to prove that the petitioner, or its responsible officers or superintendents, were in privity with the alleged negligence and violations of law, or in the language of section 5344, connived at such violations and negligence, by which the loss and injury arose, in consequence of which the petitioner is disabled from claiming the limitation of liability sought in this proceeding. The purpose of the interrogatories is no doubt material and vital. If established, it will defeat the petition. But the evidence to sustain this defense cannot be forced from the petitioner itself, as against its claim of privilege, so far as relates to the subject-matters that are embraced in the penal statutes above referred to. In the answer of Perry and others numerous interrogatories are addressed directly to these very subjects, and to the petitioner itself; that is, in effect, to its responsible officers, who, if the charges are true, would be liable to prosecution for the penalties and forfeitures thereby incurred. The petitioner itself cannot, therefore, be compelled to answer such interrogatories. Whether true or not, the proof desired must be sought from other witnesses. Section 860 of the Revised Statutes, though it might prevent the evidence extracted from being used in any proceeding to punish the offense or to recover the penalty or forfeiture incurred, would not shield the petitioner from prosecution therefor; and therefore under the decision in Counselman v. Hitchcock, supra, it does not avoid the constitutional exemption and the exception here raised. See, also, In re Feldstein (D. C.) 103 Fed. 269.

The charges of incompetency of the master, of negligence in management, immoderate speed and improper course, and of the privity of the petitioner therein, not being matters that could subject the petitioner under our law to any penalty or forfeiture, are proper subjects for interrogatories, and as to these matters they are allowed.

The original claims filed by the damage claimants sufficiently comply, as I find, with the rules of the court in such cases, and the exceptions founded on their supposed insufficiency are, therefore, overruled; and as both answers are in behalf of many damage claimants for the loss of property, the question whether damages for loss of life can also be recovered is not material on this motion, and is not therefore considered.