In re KNICKERBOCKER STEAMBOAT CO.

THE GENERAL SLOCUM.

(District Court, S. D. New York. June 13, 1905.)

1. ADMIRALTY—EXCEPTIONS TO INTERROGATORIES.

Exceptions to the answers to interrogatories propounded in the answer in a suit in admiralty for limitation of liability considered.

2. SAME—REFUSAL TO ANSWER INTERROGATORIES—CLAIM OF PRIVILEGE.

It is not necessary that a party to a suit in admiralty should be personally before the court in order to avail himself of the privilege given him by admiralty rules 31 and 32 to refuse to make answer to interrogatories which will expose him to any prosecution or punishment for crime, or for any penalty or any forfeiture of his property for any penal offense; but he is required to state specifically that his answers would have that effect, and a statement in refusing to make answer that the interrogatories were framed in support of allegations, which, if true, would or might tend to expose him to a penalty or forfeiture, is insufficient as a claim of privilege.

3. SAME—VERIFICATION OF ANSWERS.
        The verification to answers to interrogatories in a suit in admiralty,
    while not strictly in the form used in such pleadings, *held* sufficient.

In Admiralty. On exceptions to answers to interrogatories.

Martin A. Ryan, for petitioner.

Coleman & Coleman and A. Gordon Murray, for exceptant.

ADAMS, District Judge. These are exceptions filed by the claimant, Louis Schiettinger, administrator of the estate of Dora Schiettinger and Freda Schiettinger, to the answers of the Knickerbocker Steamboat Company to interrogatories propounded by the present exceptant and annexed to his answer to the libel of the steamboat company seeking limitation of liability. Certain of the interrogatories were allowed and certain of them disallowed in an opinion herein filed on the 7th day of April, 1905. 136 Fed. 956. And see In re Smith (D. C.) 112 Fed. 509; In re Shera (D. C.) 114 Fed. 207.

The first exception is as follows:

"First: He excepts to the answer to the first interrogatory because the said answer does not state that a copy of the By-laws was not in existence and in possession on the 15th day of June 1904, the day of the loss of the Steamboat, 'General Slocum.'"

The answer was as follows:

"First:—The officers are Frank A. Barnaby, President, Frank G. Dexter, Treasurer, and James K. Atkinson, Secretary. The Directors are:—Frank A. Barnaby, James K. Atkinson, Frank G. Dexter, Robert K. Story, O. De Lacy Evans, Floyd S. Korbin and Charles E. Hill.
    This Company was started a good many years ago and the present officers and directors have no possession (nor never did) of the original books containing the By-laws and are not now in possession of a copy of the By-laws."

The exceptant's contention is that the answer should state that there were no By-laws in existence on June 15, 1904, if that is what is meant by the answer.

The answer apparently covers the day in question. The officers could not be expected to give information concerning the By-laws which they did not possess.

The exception is overruled.

The second exception is as follows:

"Second: He excepts to so much of the answer to the second interrogatory as states 'as the officers and crew of the vessel were to be governed by the Revised Statutes of the United States and the rules and regulations of the Board of Supervising Inspectors, and any other statutes, laws and rules and regulations applicable thereto' and moves that the same be stricken out on the ground that the same is not responsive to the question and shows affirmatively that there was no rule or requirement to that effect, and the same is, at most, a conclusion, not warranted by the facts."

The answer was as follows:

"Second:—Do not know of own personal knowledge of any officer being on board during the year 1904.
    Annexed hereto is copy of certificate of Inspection.
    No rules or regulations were promulgated by the Company as the officers and crew of the vessel were to be governed by the Revised Statutes of the United States and the Rules and Regulations of the Board of Supervising

Inspectors, and any other statutes, laws and rules and regulations applicable thereto.

The 'General Slocum' was about 250 feet long and about 37 ft. 6 inches in beam. It was of wooden construction, three decks. It had 2 boilers, 2 smokestacks, side wheels, steam steering gear and a walking beam, low pressure engine. Her given tonnage was 1284 tons."

The petitioner's contention is that the words excepted to are responsive because in the absence of rules and regulations issued by the steamboat company, the rules, regulations and Revised Statutes of the United States must govern the conduct and action of the officers and crew, and therefore they are the implied rules and regulations of the company.

The interrogatory propounded by the answer, called for the rules and regulations promulgated by the steamboat company. The statement referring to the rules and regulations of the United States is not responsive.

The exception is sustained.

The third exception is as follows:

"Third: He excepts to the refusal to answer the third, fourth, seventh and eighth interrogatories because the same is based on reasons for which there is no authority of law, in as much as the same does not claim that the answers would expose the petitioner to any prosecution, punishment or forfeiture as is provided for by law, but simply 'that the same was framed *in support of allegations* in the answer *which, if true,* would or might tend to expose the petitioner to a penalty or a forfeiture' and for the reasons stated, the same is wholly insufficient."

The answer was as follows:

"Third:—The petitioner refuses to answer the Third, Fourth, Seventh and Eighth Interrogatories on the ground that the same are framed in support of allegations in the answer which if true, would or might tend to expose the petitioner to a penalty or forfeiture."

The petitioner urges in support of the answers, that they were framed in conformity with the practice established in the case of La Bourgogne (D. C.) 104 Fed. 823, where similar language used by the petitioner here was employed by the petitioner there. The point now in controversy does not seem to have been presented there but in entering the order deciding the exceptions, it was provided by the court that the petitioner might decline to answer the interrogatories if it should elect to claim the privilege of not answering on the ground that it would be exposed to penalties and forfeitures. In the opinion, supra, it was said (page 825):

"The object of most of the interrogatories to which objection is made, is to prove that the petitioner, or its responsible officers or superintendents, were in privity with the alleged negligence and violations of law, or in the language of section 5344, connived at such violations and negligence, by which the loss and injury arose, in consequence of which the petitioner is disabled from claiming the limitation of liability sought in this proceeding. The purpose of the interrogatories is no doubt material and vital. If established, it will defeat the petition. But the evidence to sustain the defense cannot be forced from the petitioner itself, as against its claim of privilege, so far as relates to the subject-matters that are embraced in the penal statutes above referred to."

The merits of the question were there disposed of prior to the party seeking the privilege putting himself in strictly the proper

attitude, but before he was allowed to avail himself of the decision, he was compelled to do what he doubtless would have been required to do in the beginning, if his right had been contested on such ground.

The point now in controversy was substantially covered by the entire decision, to the effect that a party desiring to resort to his constitutional privilege must assert it in advance of being permitted to do so.

My attention has been called by the exceptant to the recent case in the New York Supreme Court of People v. Davy, 94 N. Y. Supp. 1037, where it was said by Justice McLaughlin that a party can not claim his constitutional privilege until he is sworn so that his claim shall be made under the sanction of an oath. That language was applied to a case of a person who was before the Grand Jury and in conformity with the principle recognized in U. S. Supreme Court Admiralty Rules 31 and 32, applicable to this case, where it is provided that a person in answering interrogatories may object to answer such as would expose him to any prosecution or punishment for crime, or to any penalty of forfeiture of his property for any penal offense. In a case of this kind it is not necessary that a party should be personally before the court in order to avail himself of the privilege. The exceptant contends that the petitioner's answers are insufficient as they do not expressly invoke the privilege, but state that the interrogatories were framed in support of allegations in the answer which if true would or might tend to expose the petitioner to a penalty or forfeiture. It seems that if the answers would have the effect contended for, the petitioner should expressly put itself on record to that effect. Such is the ground for the privilege. Incriminating matter may appear but a party may not desire to resort to the privilege of not answering with respect thereto. If he does, he must say so in unmistakable language and give the reasons for shielding himself.

The exception is sustained.

The fourth exception is practically the same as the preceding and requires no other discussion.

The fifth exception is as follows:

"Fifth: He excepts to the verification of the said answers in that the same is insufficient and does not contain the oath required by law and the practice of this Court, in such cases made and provided, it not appearing that the said answers contain the truth, the whole truth and nothing but the truth."

The verification, duly sworn to, was as follows:

"Southern District of New York: ss:

Frank A. Barnaby being duly sworn deposes and says that he is the President of the Knickerbocker Steamboat Company; that he has read the foregoing answers to the interrogatories and that the same are true of his own knowledge, except as to the matters alleged on information and belief and as to those matters he believes them to be true. That the reason this verification is made by deponent is because the Knickerbocker Steamboat Company is a corporation. Frank A. Barnaby."

This is perhaps not in strict accordance with the form of verification used in admiralty pleadings but it contains all the necessary averments and should be regarded as sufficient.

Exception overruled.