## THE ADMIRAL FISKE.

### Petition of PACIFIC S. S. CO.

District Court, W. D. Washington, N. D.   June 17, 1929.

· On Final Hearing, August 2, 1929.

No. 12650.

Grosscup, Morrow & Wallace, of Seattle, Wash., for petitioner.

Bogle, Bogle & Gates, of Seattle, Wash., for American-Hawaiian S. S. Co.

Cosgrove & Terhune, of Seattle, Wash., for Mailliard & Schmeidell and others.

### On Objection to Interrogatories.

NETERER, District Judge. The petitioner seeks total exemption from liability, or, if denied, limitation of liability to the vessel and pending freight, to all claimants by reason of a collision between the steamship Admiral Fiske, of the petitioner, and the Floridian, owned by the American-Hawaiian Steamship Company, on the high seas, because of the loss of the Floridian and its cargo.

Mailliard & Schmeidell were owners of cargo on the Floridian. The petitioner asserts it was without fault, and claims the loss was occasioned by the default of the Floridian, its officers, etc. Mailliard & Schmeidell, in response to monition, have filed claims against the petitioner, setting forth that they were cargo owners of the Floridian, its loss, and that the loss was occasioned through the fault of the petitioner, by reason of the acts of omission and commission on the part of the petitioner, its officers and agents, in that the ship was improperly manned, insufficiently officered, violated the International Rules of the Road at Sea in its navigation in fog, and violated section 2 of Act March 4, 1915, the "Seamen's Act," and has propounded interrogatories to the petitioner and asked that it be ruled to answer. The petitioner objects to the rule requiring same to be answered.

The interrogatories as a whole seek evidence, rather than particulars, or amplification of the pleadings. They are intended to pry into the case of the petitioner—time, places, names of seamen who acted, how placed and where, details of the transaction. This is evidence which the petitioner must produce to sustain the burden which the law exacts to succeed. This may not be done. Prince Line v. Mayer & Lage (D. C.) 264 F. 856.

The law governing exceptions to interrogatories is fully covered in Erie & Western Transp. Co. v. Great Lakes Towing Co. (D. C.) 184 F. 349; General Slocum Case (In re Knickerbocker Steamboat Co.) 136 F. 956 (D. C.); La Bourgogne (D. C.) 104 F. 823; Baker Palmer (D. C.) 172 F. 154; Benedict (5th Ed.) § 440; Havermeyers, etc., v. Compania, etc. (D. C.) 43 F. 90; City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134; Coronet Phosphate Co. v. U. S. Shipping Co. (D. C.) 260 F. 846.

Judge Hand, in this latter case, at page 849, says: "Interrogatories in the admiralty serve two purposes, to amplify the pleadings of the party interrogated, and to procure evidence in support of the libel or defense of the party interrogating. * * * They should not, however, be used merely to fish into the evidence which the party interrogated may produce in support of his own allegations. This limitation upon discovery has remained even in the most modern rules of procedure. A party is of course entitled to know whether his opponent admits the truth of his own allegations, and how far, so

as to avoid unnecessary preparation for trial. He is not entitled to know what evidence his adversary will produce to prove the adversary's allegations, and what evidence he must himself produce to overcome the case so made. The result will, of course, be, as it has been in the past, that he must go to trial somewhat in the dark as to what he must meet. The pleadings are intended to advise him of that, and interrogatories are proper to reduce those allegations to very specific form. They should be encouraged for that purpose, but so far as they call upon the pleader to go further, and give, not only the details of his allegations, but the evidence by which he means to prove them, they are liable to abuse. If there develop on the trial a case of genuine surprise, the court, especially where there is no jury, has ample power to protect the party surprised."

Judge Hand has concisely stated the law as applicable here. The function of interrogatories is not to permit the adversary to be cross examined upon the allegations in his libel or answer. This was approved again by Judge Hand in the Hewitt Case (D. C.) 284 F. 911.

Mailliard & Schmeidell are not primary claimants of the Admiral Fiske, but claim as cargo owners of the Floridian, which, in the event it was free from fault, has a claim against the Admiral Fiske, including cargo, which, of course, would be secondary to the cargo claimants in the event the Admiral Fiske claim was sustained.

The function of the disclosure is to defeat the opposition, not to sustain their own claim. Hartford Acc. & Ind. Co. v. S. P. Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612, does not in any sense take from the holdings of Judge Hand, above referred to.

The objection is sustained, and the rule to answer denied.

### On Exceptions to Answer, etc.

In response to monition on petition for limitation of liability, Mailliard & Schmeidell have filed a claim as cargo owners of the Floridian, which was sunk, together with its cargo, in a collision with the Admiral Fiske, of the petitioner.

The petitioner, answering the claim of the cargo owners, asserts that the cargo owners were fully insured, and that their total loss has been paid by the underwriters, and that they have no interest in the asserted claims, and are not the real parties in interest. The cargo owners except to the sufficiency of this answer.

The rule invoked by the cargo owners is stare decisis. It is of no concern to the petitioner that the underwriters are the real parties in interest. Alaska Pac. S. S. Co. v. Sperry Flour Co., 94 Wash. 227, 162 P. 26; St. Louis, etc., Ry. v. Commercial Ins. Co., 139 U. S. 223, 235, 11 S. Ct. 554, 35 L. Ed. 154; Phœnix Ins. Co. v. Erie & Western Trans. Co., 117 U. S. 312, 6 S. Ct. 750, 29 L. Ed. 873; Federal Ins. Co. v. Detroit Fire & Marine Ins. Co. (C. C. A.) 202 F. 653; Fairgrieve v. Marine Ins. Co. (C. C. A.) 94 F. 686; Travelers Ins. Co. v. Great Lakes Engineering Works Co. (C. C. A.) 184 F. 426, 36 L. R. A. (N. S.) 60; Stockton Mill Co. v. California Nav. & Imp. Co. (D. C.) 165 F. 356. The insurers may pursue the claims in the name of the cargo owners, or may do so in their own name. The cargo owners, suing recovery, would be held as trustees for the insurers. It was admitted at bar that the cargo owners had been fully compensated by the underwriters.

In view of the law of Washington that all actions must be prosecuted in the name of the real party in interest, which would not be controlling in admiralty, and by reason of Admiralty Rule 34, giving to the real party in interest the right to intervene, the court asked whether there was serious objection to have the claimants show it was prosecuted by the underwriters in the name of the insured, or by their consent. Request was made by proctors to amend the claim by showing that the claim is prosecuted by the insured for themselves and for the benefit of the underwriters; but the court did not feel that that would change the evil in mind, and, proctors resting upon this request, the court took the matter under advisement as to whether the court on its own motion and in its own protection, in the interest of economy of time, should require the underwriters to be brought in.

An examination of the record, however, shows that an order of default of parties has heretofore been entered against all persons or corporations claiming damages for any and all loss, damage, or injury caused by or resulting from the accident, who have not appeared and filed claims, so that the court can protect itself against the things suggested, and claimants, being equitable trustees, may proceed, and the fund can be distributed to the rightful claimants, on intervention for that purpose being made.

The exception to the answer to the claims of the cargo owners is therefore sustained.

### On Final Hearing.

Hugh Montgomery, John Ambler, and Groscupp, Morrow & Wallace, for petitioner.

Bogle, Bogle & Gates, for claimant American-Hawaiian S. S. Co.

Cosgrove & Terhune, for cargo claimants.

From a careful consideration of the petition and the evidence that was submitted, and the briefs that have been filed, I am convinced that the prayer of the petitioner to limit liability should be granted, and will conclude without an analysis of the cases that have been cited, or formal opinion.

At the trial it was announced that exemption from all liability would have to be denied.

The usual order may be presented to the court on notice.