## THE MARIA.*

District Court, S. D. New York.
Feb. 23, 1933.

Bigham, Englar, Jones & Houston, of New York City, for appellants.

*For opinion dismissing appeal, see 67 F.(2d) 571.

Loomis, Williams & Donahue, of New York City, for respondents.

GODDARD, District Judge.

I think this court should not decline to take jurisdiction of this suit in admiralty. The majority of the libelants are American corporations. The insurance policies were issued here. The merchandise was shipped and the bills of lading were also issued in this country. They contain the "Jason" clause which is based upon section 3 of the Harter Act (46 USCA § 192), and the principal question of law involved is a construction of the Harter Act. The real issue of fact in the case is the seaworthiness of the Maria at the time she sailed from the American Gulf ports. All the witnesses for the libelants are in this country, and presumably (as the stranding occurred in the port of Wilmington, N. C.) many of the witnesses which the claimant-respondent would be likely to call are in this country, with the exception of the officers and crew of the Maria which is regularly engaged in trading between Italian and American ports. In Charter Shipping Co., Ltd., v. Bowring, Jones & Tidy, 281 U. S. 515, 50 S. Ct. 400, 401, 74 L. Ed. 1008, the Supreme Court merely held that the District Court could not be said to have "improvidently exercised its discretion" in declining to take jurisdiction, and in the Charter Shipping Co., Ltd., Case both the libelant and the respondent were British subjects, and, so far as the records show, no American citizen had even an indirect interest in the litigation. Moreover, in that case the respondent had no place of business in this country, and the ship in question was not here, and the jurisdiction in the suit in personam had been obtained by foreign attachment. Further, Mr. Justice Stone states that "the bills of lading are not in the record and it does not appear that they embraced Jason or other clauses modifying the liability in general average."

The facts in the case at bar are clearly distinguishable from the case of Tricolor (D. C.) 1 F. Supp. 934, 1923 A. M. C. 1256.

The above is consistent with Fairgrieve v. Marine Insurance Company (C. C. A.) 94 F. 686; Chubb v. Hamburg-American Steam Packet Co. (D. C.) 39 F. 431.

Motion denied. Settle order on notice.