## THE MANDU.

### In re COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

#### No. 12172.

District Court, E. D. New York.
July 21, 1937.

Purrington & McConnell, of New York City (Frank J. McConnell and James D. Brown, both of New York City, of counsel), for petitioner.

Single & Tyler, of New York City (Forrest E. Single and Alonzo L. Tyler, both of New York City, of counsel), for claimant.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan and Leonard J. Matteson, both of New York City, of counsel), for Ætna Casualty & Surety Co.

INCH, District Judge.

Companhia De Navegacào Lloyd Brasil-eiro, a Brazilian corporation, owner of the steamship Mandu, to which I shall hereafter refer as the "Ship-Owner," has brought this proceeding for exoneration from, or limitation of, liability for a collision which occurred on July 31, 1929, in the harbor of Santos, Brazil, between the Mandu and the German steamship Denderah.

The sole claimant that has appeared in the proceeding is the Great American Insurance Company, a New York corporation, to which I shall hereafter refer as the "Insurance Company."

The total amount of its claim, if it had been properly proved, would be in the neighborhood of $364,000, and purports to represent losses on insured cargo on the Denderah paid by a group of foreign underwriters.

The trial of the limitation action has taken place, and the question of claims is usually referred to a commissioner after determination of the question of liability. But, in this case, the Ship-Owner has strenuously contested the right of the Insurance Company to present any claim. It asserts that it is not the real party in interest, that this is simply a subterfuge in the real interest of the foreign underwriters who still own any claim or claims and have not duly proved same in this proceeding.

Accordingly, the Insurance Company was put to its proof, and the first part of the trial was devoted to this controversy as to whether there was any properly proved claim in the proceeding.

Claiming that the proof shows there was no claim proved, the Ship-Owner asks that permission be granted it to withdraw this limitation suit and that a previous libel as well as the present claim by the Insurance Company be dismissed.

The decision as to liability for the collision, if any, depends on deposition evidence which was introduced at the trial, but, in view of this attack by the Ship-Owner on the sole claim and the attempted proof by the Insurance Company, the court was compelled to pause before deciding the question of liability and determine this preliminary issue.

Accordingly, the sole issue now decided is whether the Insurance Company is the real party in interest and has a right to prove the claim.

A brief statement of undisputed facts should here be made.

A collision occurred between the Brazilian ship and the German ship in the harbor of Santos, Brazil, on July 31, 1929. The Brazilian ship at that time, and possibly up to the present time, was making frequent trips between the port of New York and Brazil. Approximately a year after the collision and on June 3, 1930, while the Mandu was thus in the port of New York, the Insurance Company filed a libel and arrested her. The Ship-Owner released her by filing a proper stipulation. Exceptions to the libel, filed by the Ship-Owner, were thereafter substantially sustained. Upon the return of the Mandu to New York, in October, 1930, the Insurance Company again filed a libel. Thereafter, on December 10, 1930, the Ship-Owner filed this petition for limitation or exoneration, and later a stipulation for value. The prior stipulation for value by which the arrested vessel had been released in July, 1930, was by order, canceled and discharged. Thereafter the Insurance Company filed its claim with the Commissioner, verified January 30, 1931, and this claim set up all of the items contained in both libels.

On their face, both the libel and the claim indicates that the Insurance Company, in addition to its own right to sue or prove a claim, owned all of the other rights of the foreign underwriters by reason of assignments for a valuable consideration.

Here the matter rested for several years, for what reason does not appear.

In the early part of 1935, the Insurance Company sent letters rogatory to Germany. These letters were returned in July, 1935, but, on objection, were suppressed. The Ship-Owner asserts that then, for the first time, it discovered that the only interest of the Insurance Company was $164.69 in a loss of some $6,500, representing its proportion (2½ per cent.) of a total payment by the German underwriters on a particular loss, and that the remainder of the claim was based on merely colorable assignments for collection purposes only and without any valuable consideration.

Thereupon the Ship-Owner moved to amend its petition so as to put in issue this incapacity to prove a claim and also to likewise amend its objection to the Insurance Company's claim. These amendments were duly allowed by order January 29, 1936.

The Insurance Company thereupon filed exceptions to the amended petition and objection. These exceptions were overruled. The Mandu (D.C.) 15 F.Supp. 627.

The libel suit was, of course, stayed by the proceedings in limitation and no motion was or has been made to dismiss the libel.

This brings us to the issue in question. If there is no claim, there is no one to contest liability, if any.

There is an assertion by the Ship-Owner that this court in such circumstances should not retain jurisdiction of this limitation suit and that, in the exercise of its judicial discretion, it should now allow the Ship-Owner to withdraw and should dismiss the libel, without prejudice, as it is a controversy between two foreign parties as to a collision in a foreign port.

With this I do not agree, as the petition was properly filed here by the Ship-Owner for a limitation or exoneration. There is no question but that there was a collision and that the collision resulted in serious damage. As to the merits I do not in any way decide at the present time. But there was ample reason for the Ship-Owner to be apprehensive of a multiplicity of suits, however baseless the facts might show fear of liability to be.

While the libel suit and the limitation proceedings are separate actions and still remain so, a libel has been filed in this district and the Ship-Owner was justified in filing its petition. So far as the evidence discloses, its ship was frequently and customarily in this port, and it has been held that the owner of the vessel may even before it is sued institute such proceedings in a court of competent jurisdiction. In re Slayton, 105 U.S. 451, 26 L.Ed. 1066.

There is, in my opinion, no question of jurisdiction here nor is any raised by the claimant. It is no objection that the Ship-Owner is a foreigner. Deslions v. La Compagnie Generale Transatlantique (La Bourgogne), 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973. The various reasons for refusing jurisdiction are not present.

In this case the ship was not surrendered but the stipulation for value took her place. This proceeding therefore is in the nature of an equitable action. In re Morrison, 147 U.S. 14–34, 13 S.Ct. 246, 37 L.Ed. 60.

As the present petition, in the nature of equitable action, is properly here, it needs no citation of authority to say that while it is pending and undetermined the jurisdiction of this court is exclusive. Providence & New York Steamship Company v. Hill Mfg. Co., 109 U.S. 578, 3 S. Ct. 379, 617, 27 L.Ed. 1038.

We now come to the question of whether there is any claim. It is no objection that there is but a single claim. The San Pedro (Metropolitan Lumber Co. v. Doe), 223 U.S. 365, 32 S.Ct. 275, 56 L.Ed. 473, Ann.Cas.1913D, 1221; The George W. Fields (D.C.) 237 F. 403.

That there may be claims not before the court is apparent. Whether or not they or any claims will be or could be proved is not necessary now to determine. Whether at a trial, at which the issue of liability, if any, has not been determined, there is any need to proceed further in the absence of any claimant with capacity to sue rests on a correct decision of this question of the presence of a claim. The nature of a claimant is that of a plaintiff or libelant. It has even been held that a claimant could withdraw, on payment of costs. The Titanic (C.C.A.) 225 F. 747.

It follows that a claimant must be competent to sue by whatever name he is called. The Ship-Owner asserts that here the Insurance Company has no such capacity. In re Davidson S. S. Co. (D.C.) 133 F. 411–412; The John H. Starin (C.C.A.) 191 F. 800; The S. S. Hewitt (D.C.) 284 F. 911; The Princess Sophia (D.C.) 35 F. (2d) 736–739; Id. (C.C.A.) 61 F.(2d) 339, certiorari denied Brace v. Canadian Pac. R. Co., 288 U.S. 604, 53 S.Ct. 396, 77 L.Ed. 980.

As I have indicated, there are two issues before me: First, the right to limit; second, the extent of liability, if any. The burden of proof as to the former is on the Ship-Owner, as to the latter issue it is on the claimant. The S. S. Hewitt (D.C.) 284 F. 911.

It might well be that as to this issue of the right to limit there is no substantial objection but, as the Ship-Owner requests that it be allowed to withdraw its petition, decision on this point will be held in abeyance as it may become proper subsequently to grant such request.

The other and real issue must be raised by a claimant having capacity to do so.

At the trial the Insurance Company confined its proof on the issue of capacity, to the Siemens', etc., account and the Wurttenberg, etc., account. The Siemens' account amounted to $6,587.50, of which sum the Insurance Company paid its required share of 2½ per cent., amounting to $164.69. It claims, therefore, that it has been subrogated to this account by this small payment, coupled with an assignment of the balance for collection purposes.

It seems to me that the Ship-Owner's objections as to this are good. The Insurance Company has not paid this loss in full nor has it bought the claim. The Bodo (D. C.) 156 F. 980; Fairgrieve et al. v. Marine, etc., Co. (C.C.A.) 94 F. 686–688; Id. (C.C.A.) 112 F. 364. It is not the real party in interest.

"The established rule of the admiralty courts is that the suit must be brought in the name of the real party in interest." Fretz v. Bull, 12 How. (53 U.S.) 466–468, 13 L.Ed. 1068; Minturn v. Alexandre (D. C.) 5 F. 117, 119, and as held by this court, The Mandu, 15 F.Supp. 627–630. See, also, Federal Insurance Co. v. Detroit, etc., Co. (C.C.A.) 202 F. 648, certiorari denied 229 U.S. 620, 33 S.Ct. 778, 57 L.Ed. 1354.

The remaining account (Wurttenberg) is an $80,000 loss which was paid by the foreign underwriters who thereupon made the Insurance Company simply their collection agent.

In other words, the proof shows that there was nothing paid by the Insurance Company for this right, that an assignment for valuable consideration was not a fact. The owner of the account and the real party in interest remains abroad. Here also therefore the Insurance Company is not the real party in interest.

As I find that the Insurance Company is not subrogated to the Siemens account nor is it the owner of the balance of the account or of the Wurttenberg account it has no capacity to file such claim in its own name.

The Insurance Company contends that it has a real interest in these proceedings because of its small payment and the as-

signments and cites a number of cases which do not seem to me to support its position. I have been unable to find any case which holds that a mere collection agent of a foreign claim is sufficiently the real party in interest in accordance with the requirements of our admiralty practice. To be sure, it may be unimportant for what sum a foreign claim was bought so long as it is truly owned by the assignee, but to have the real owner remain abroad and by means of a mere collection agent attempt to collect the money here does not give that finality to a decision which is required.

Moreover, the law of this case has been determined by the previous decision of Judge Moscowitz both as to the requirements that the Insurance Company prove that it is the real party in interest and as to whether or not the Brussels Convention governs. Loma Fruit Company v. International Co. (C.C.A.) 11 F.(2d) 124–126; Galban Lobo & Co. v. U. S. (D.C.) 14 F.(2d) 435, 436.

The Insurance Company, however, earnestly urges the case of May v. Hamburg, etc., 290 U.S. 333, 54 S.Ct. 162, 78 L. Ed. 348. In the May Case the facts are entirely dissimilar. There the steamship owner expressly admitted that the claimant was the owner of the claims and that value had been paid. The question there was not the same as here where the claimant has been put to his proof and the proof found not to justify the important fact of ownership or subrogation. Likewise in The Admiral Fiske (D.C.) 35 F.(2d) 549, it was admitted that the cargo owners had been fully compensated by the underwriters and that the latter were the real parties in interest.

■ ■ Accordingly, the only claimant that has appeared so far has no capacity to sue, that is, that there is no claimant at the present time. Were this all that was shown at the trial a determination might be plain. But here we have a suit over which, in justice and in equity, this court has and should keep jurisdiction. There is no doubt but that there was a collision, with a substantial loss to cargo owners, who, in turn, have been paid a large sum of money by underwriters. It seems to me that it would be most unjust to close the door upon a proper claimant or claimants unless it was absolutely necessary and equitable to do so.

Moreover, believing that it was entitled to protect these interests, the Insurance Company asserted its believed right and this controversy has been in the courts for a number of years. There is no telling that, because of this lapse of time, rights otherwise sought to be enforced might be barred.

It seems to me that the real issue of liability, if any, should be here determined once and for all. The difficulty is that the Insurance Company cannot be allowed to amend its claim for, as the proof now stands, it has no claim to amend. In the ordinary procedure the time in which to file claims has expired. Nevertheless, only a year ago the Insurance Company was permitted to file an amended claim which right was not availed of by it.

Moreover, there has been no distribution of the fund. The merits of that part of the controversy relating to liability have not even been determined. I feel quite sure that if in all the circumstances shown by this record a bona fide claimant now appeared and asked leave to open its default and to file a claim that this court would, in the exercise of its equity jurisdiction, and before any such determination of the merits or distribution of fund, allow same. The Argus (D.C.) 100 F. 143; The City of Boston (D.C.) 159 F. 257; In re Oceanic Steam Nav. Co. (C.C.A.) 204 F. 260.

It seems to me therefore that instead of compelling a claimant to go through the motions of seeking to open the default, etc., that this court with its knowledge of all the circumstances, can now properly extend the time in which to prove claims for approximately 60 days, that is, until and including October 1, 1937. If, during this time, a valid claim is duly filed, then the court will take up the consideration of the remaining question of liability, if any, and counsel for the respective parties can then arrange for the submission of briefs on this issue with oral arguments thereon if desired. If, however, in spite of this extension, there still remains only this present invalid claim, then such claim will be dismissed and the Ship-Owner will be allowed to withdraw its petition.

As there will have to be an intermediate order entered in accordance with the foregoing, the same should be settled on notice. The question of a final decision will have to await the time above mentioned.