## UNITED STATES v. MARY HELEN COAL CORPORATION et al.
### No. 10008.

District Court, E. D. Kentucky.

June 6, 1938.

Brien McMahon, Asst. Atty. Gen., Walter E. Gallagher, Welly K. Hopkins, and Henry Schweinhaut, Special Assts. to Atty. Gen., and John T. Metcalf, U. S. Dist. Atty., of Lexington, Ky., for the U. S.

Charles I. Dawson, of Louisville, Ky., Forney Johnston, of Birmingham, Ala., H. C. Gillis, of Williamsburg, Ky., Cleon K. Calvert, of Pineville, Ky., and William Lewis, of London, Ky., for defendants.

FORD, District Judge.

I have considered the question raised by the objection of the defendants to the introduction by the Government of certain testimony heretofore given by some of the defendants, without protest or manifestation of unwillingness, before the National Labor Relations Board on the ground that introduction of such testimony by the Government in the trial of this case would constitute a violation of the immunity against compulsory self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States, U.S.C.A. Amend. 5. The immunity guaranteed under the Fifth Amendment is only against compulsory self-incrimination. In the absence of a showing of unwillingness on the part of the witness, his testimony is regarded as voluntary and not compulsory. The immunity guaranteed by the Fifth Amendment, being personal to the witness and for his sole benefit, is deemed to be waived unless invoked by some manifestation of

his unwillingness to testify at the time the testimony is given.

In the case of U. S. ex rel. Vajtauer v. Commissioner of Immigration, 273 ·U.S. 103, 113, 47 S.Ct. 302, 306, 71 L.Ed. 560, the Supreme Court, in discussing the Constitutional immunity against self-incrimination under the Fifth Amendment, said:

"Throughout the proceedings before the immigration authorities, he did not assert his privilege or in any manner suggest that he withheld his testimony because there was any ground for fear of self-incrimination. His assertion of it here is evidently an afterthought. It is for the tribunal conducting the trial to determine what weight should be given to the contention of the witness that the answer sought will incriminate him, Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L. Ed. 1198, a determination which it cannot make if not advised of the contention. Cf. In re Edward Hess & Co. (D. C.) 136 F. 988; Ex parte Irvine (C.C.) 74 F. 954, 960. The privilege may not be relied on and must be deemed waived, if not in some manner fairly brought to the attention of the tribunal which must pass upon it. In re Knickerbocker Steamboat Co. (D.C.) 139 F. 713; United States v. Skinner (D.C.) 218 F. 870, 876; United States v. Elton (D.C.) 222 F. 428, 435."

In the later case of U. S. v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, 82 A. L.R. 1376, the Supreme Court again held that the privilege of immunity from self-incrimination under the Fifth Amendment, to be available, must be invoked, the Court saying (page 64): "The privilege of silence is solely for the benefit of the witness and is deemed waived unless invoked. * * * As appellee at the hearing did not invoke protection against federal prosecution, his plea is without merit."

█ It appearing that the testimony, now sought to be introduced by the Government, was given before the Labor Relations Board without protest or any indication of unwillingness to testify or claim of constitutional privilege on the part of the defendants, the testimony must be regarded as voluntary. The Fifth Amendment affords no immunity to a witness against the use of his voluntary testimony against him. Johnson et al. v. United States, 4 Cir., 5 F.2d 471; United States v. Skinner, D. C., 218 F. 870, cited with approval by the Supreme Court in the Vajtauer Case, supra;

United States v. Lay Fish Co., D.C., 13 F. 2d 136; United States v. Hoyt, D.C., 53 F.2d 881.

The objection interposed by the defendants to the use of the testimony referred to must be overruled.