## UNITED STATES v. DE PIETRO.
### No. 2315 C.

District Court, W. D. New York.
Jan. 15, 1941.

390

George L. Grobe, U. S. Atty., and Robert M. Hitchcock, Asst. U. S. Atty., both of Buffalo, N. Y., for plaintiff.

Leonard N. Lakser, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

The defendant is under arrest on a warrant issued upon an information laid by the United States District Attorney charging him with the crime of knowingly, wrongfully, and unlawfully entering the United States from a foreign country by eluding examination and making false statements contrary to provisions of Section 2 of the Act of March 4, 1929, 8 U.S. C.A. § 180a. The defendant now moves to quash and dismiss said warrant and restrain the District Attorney from using certain statements and testimony taken by and before officers of the Immigration Department of the United States upon the ground that such statements were obtained in violation of the defendant's rights under the Fifth Amendment to the Federal Constitution. Prior to the issuance of said warrant, the defendant gave certain testimony before an Immigration Inspector touching the right of the defendant to enter into the United States. Preceding the giving of such testimony, the defendant was asked the following question: "You are advised that I am a United States Immigrant Inspector and authorized by law to administer oaths in connection with the enforcement of the Immigration Laws. I desire to take a statement regarding your right to be and remain in the United States. Any statements which you make should be voluntary, and you are hereby warned that such a statement may be used against you. Are you willing to make the statement or answer questions under these conditions?" The defendant's answer to this question was "Yes."

The defendant herein now contends that the inquiry was insufficient in that it did not specifically warn the defendant that such a statement might be used against him in a criminal proceeding and also because it was read rapidly and indistinctly.

It seems to me that this statement by the Immigrant Inspector was a sufficient warning to the defendant. He was told that any statement he made should be voluntary. This phrase can be interpreted in only one way, that is, that the Immigrant Inspector could not compel the defendant to make a statement; that such statement should be made of the defendant's own will. He was also told that any statement made by him might be used against him. One understanding the English language must be presumed to know the full import of this question. One is presumed to know the law. Hamburg-American Steam Packet Co. v. United States, 2 Cir., 250 F. 747, certiorari denied, 246 U.S. 662, 38 S.Ct. 333, 62 L.Ed. 927. The inquiry before the Commissioner was with respect to the entry of the defendant into this country. Before the immigration authorities the defendant was charged with illegal entry as a basis for deportation. This same charge is a basis for the warrant of arrest herein. It is peculiarly a case in which the defendant may be presumed to know the effect of his statement as related to the charge here made.

■ It is not claimed that the defendant is ignorant of the English language. Indeed, it is apparent from the papers submitted that he does understand that language fully. There is nothing to show that the question was read in a hasty and indistinct manner. It is also claimed on behalf of the defendant that it is not clear what statement was answered by the petitioner's "Yes." There was just one question asked. The other sentences preceding the question gave the defendant knowledge that the statement had to be voluntary and that if he made a voluntary statement it could subsequently be used against him. The only meaning which the answer "Yes" could have was that the defendant was willing to make a voluntary statement which might be used against him at some time in the future. By this answer and his answers to subsequent questions, the defendant waived his constitutional privilege against self-incrimination. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Powers v. United States, 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448; United States v. Mary Helen Coal Corp., D.C., 24 F.Supp. 50.

Many cases have been cited on behalf of the defendant apropos of the rights secured by the Fifth Amendment to the

Constitution. None are found which conflict with the view herein expressed.

 This memorandum in no way denies the necessity of warning a person of his constitutional rights. It holds a sufficient warning was given in the instant case.

The motion to set aside the warrant and suppress the use of the aforesaid question and answer is denied.