**BOWRING, JONES & TIDY, Limited, v. CHARTER SHIPPING CO., Limited.**

Circuit Court of Appeals, Second Circuit. June 10, 1929.

No. 340.

Theodore L. Bailey, of New York City, for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and James H. Herbert, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This libel seeks to recover a deposit made to secure the release of a cargo from an alleged general average lien. The deposit stood in the place of the released cargo, and, if there be no general average liability, the deposit must be released from the lien and delivered to the appellant, as consignee. Exceptions to the libel were filed, based on the claim that the court below had no jurisdiction. A writ of foreign attachment was issued, and the appellee's vessel, the steamship Charterhague, was arrested and subsequently released on filing a bond. Appellee filed a general appearance.

The cargo was shipped under three bills of lading, admittedly containing a general average clause, from ports of Georgia and Florida for British destination. The title passed to the consignee at the shipping port. The general average act under which the lien is claimed arose out of a strand in the port of Jacksonville, Fla., at the commencement of the voyage. Some of the witnesses necessary to prove the claim of negligence in the strand and unseaworthiness of the vessel are in the jurisdiction of the United States. Appellant claims the strand was due to the unseaworthy condition of the vessel, and the failure of the engines and boilers to function properly, and lack of due diligence by the appellee. Repairs were made at Newport News, and it is claimed that some repairmen from the plant will be necessary witnesses. Both the appellant and the appellee are British corporations. A general average adjustment has been made up in England.

The appellant argues that, although the bills of lading are not in evidence, they are of United States origin, and by their terms and the provisions of the Harter Act, the appellee was not entitled to general average as against this cargo, or the deposit made to obtain its release, and therefore, the District Court having obtained jurisdiction, and a general appearance having been interposed, the court should retain such jurisdiction. The general average statement made in England is not questioned, but the libel alleges that the vessel was unseaworthy and insufficiently supplied and manned at the com-

mencement of the voyage, and therefore the vessel owner cannot recover from the cargo, relying upon the following authorities: The Jason, 225 U. S. 32, 32 S. Ct. 560, 56 L. Ed. 969; Hurlbut v. Turnure (D. C.) 76 F. 587, affirmed 81 F. 208 (C. C. A. 2); Trinidad Shipping Co. v. Frame, Alston & Co. (D. C.) 88 F. 528; Schr. Lewis H. Goward (So. D. N. Y. 1924), Ward, J., 1924 A. M. C. 1251. In the latter case, the owners of a coal cargo filed a libel for breach of contract to carry the coal to the Azores. The ship put in at Bermuda in a leaky condition, and the coal was ordered sold.

The court found that the cargo was accepted at Bermuda and the libel was not dismissed. The shipowners filed a cross-libel for general average, claiming that the exception of leakage qualified the warrant of seaworthiness. Ward, J., said: "Exceptions in a charter party or bill of lading do not apply to it (general average) unless they are expressly stated to do so." It was held that the exception relied on applied only to the contract of carriage and not to general average. To obtain general average contribution, the court said: "The burden lies upon him [the ship owner] to show that she was seaworthy when the voyage began, The Edwin I. Morrison, 153 U. S. 199 [14 S. Ct. 823, 38 L. Ed. 688], or that he was protected by the Harter Act, or by an exception reserving the right to contribution, and that he had exercised due care to make her seaworthy or that her unseaworthiness was not discoverable by due diligence. The Jason, 225 U. S. 32 [32 S. Ct. 560, 56 L. Ed. 969]."

Appellant does not ask that a general average adjustment be restated, for such an adjustment has been made in England, but merely questions liability on the part of the cargo to the ship because of unseaworthiness. The bill of lading is not in the record, although referred to in the briefs. Where the contract between the parties provides for general average, the provisions of the bill of lading control. In the absence of some provision to the contrary in the bill of lading, the law or custom at the port of destination as to liability for general average prevails. If the bill of lading contains a Jason clause or other clause affecting the rights in general average, such clauses must be enforced. So, also, if it incorporates the provisions of the Harter Act. These questions we do not now determine. The case is here on dismissal, where exceptions to the libel were filed after a general appearance. It was discretionary with the court below to accept jurisdiction, even though the parties be foreign corpora-

tions. The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 29 L. Ed. 152; The Kaiser Wilhelm der Grosse (D. C.) 175 F. 215.

The affidavits show that the witnesses as to the seaworthiness of the vessel are American witnesses. If the bill of lading, as is asserted, contained a Jason clause, the question of the exercise of due diligence to make the vessel seaworthy might be a relevant fact to determine the liability of the vessel for a general average contribution. This the trial judge did not refer to. He placed his decision on the ground that general average was to be determined by the law of the port of discharge. This we think an insufficient reason, in view of the proof as to convenience of witnesses for declining jurisdiction. It was expedient, under all the circumstances, to exercise it. The Maggie Hammond, 9 Wall. 435, 19 L. Ed. 772; The Attualita, 238 F. 909 (C. C. A. 4); Fairgrieve v. Marine Ins. Co., 94 F. 686 (C. C. A. 8); Aktieselskabet Korn, etc., v. Rederiaktiebolaget, etc. (D. C.) 232 F. 403.

Decree reversed.