## The KANTO MARU.

## INGER, A/S, a Corporation, v. HARADA KISEN KABUSHIKI KAISHA.

### No. 9402.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1940.

Lillick, Geary, McHose & Adams, John C. McHose, and Reid R. Briggs, all of Los Angeles, Cal., for appellant.

George C. Sprague and Nicholas J. Healy, III, both of New York City, and Chalmers G. Graham, of San Francisco, Cal., for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant filed a libel in rem and in personam in admiralty against the Japanese motorship "Kanto Maru", and her owners, Harada Kisen Kabushiki Kaisha, for injuries sustained by the steamship "Ingeren", owned by the libelant, on February 5, 1939, by collision with the "Kanto Maru" in the Straits of Shimonoseki in Japan. The "Kanto Maru" was seized while within the jurisdiction of the District Court of the United States for the Southern District of California. Jurisdiction to proceed in that court was and is conceded, but the court, in the exercise of its discretion, declined to exercise jurisdiction and dismissed the libel. The appeal is taken from that order.

The owners of the "Kanto Maru" had filed a libel against the "Ingeren" claiming 430,000 yen as damages to the "Kanto Maru" from the same collision. This proceeding was pending in an admiralty court in Japan at the time the libel herein was filed in the United States District Court for the Southern District of California. The respondents filed declinatory exceptions herein which were supported by affidavits. These exceptions were sustained by the District Court on July 31, 1939, which ordered a dismissal of the libel subject to certain conditions which were subsequently fulfilled.

The respondent contends that the discretion to determine whether or not jurisdiction shall be exercised in a case of this kind lies entirely with the District Court, citing, Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008, and the decision of the Supreme Court in The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; which approves the rule in that regard stated by Chief Justice Taney in his dissenting opinion in Taylor v. Carryl, 20 How. 583, 61 U.S. 583, 15 L.Ed. 1028. This court has no power to exercise any discretion in the matter and can only reverse the decision of the District Court in case there has been an abuse of discretion by that court. The libelant seems to concede that the question before us is whether or not the District Court abused its discretion in refusing to exercise jurisdiction, but it also claims that the libelant has the right to choose any forum which has jurisdiction. Of course, if it is literally true that the libelant can by its choice of forum prevent a dismissal where jurisdiction exists, it would follow that the trial judge had no discretion whatever to dismiss the libel. Libelant also contends that the right of a litigant to choose its own forum is of such controlling importance that it would be an abuse of discretion for a court having jurisdiction to dismiss a libel thus brought except for other considerations of overriding importance and that none such exist in the present libel.

Some of the pertinent matters shown by the affidavits which were considered by the court in the exercise of its discretion appear in its opinion. It appears therefrom that a collision occurred in the territorial waters of Japan; that navigation therein is controlled by the law of Japan; that the pilots in charge of the boats were Japanese pilots; that the libel in the Japanese admiralty court was promptly brought and was being diligently prosecuted; that both ships were foreign owned; that there was no American cargo aboard; that no American insurance company was involved in the loss; that there were wit-

nesses available in Japan other than those on the two colliding ships; that although no cross libel had been filed by libelant in the proceeding pending in the Japanese admiralty court, consent was given by respondent to the filing of such a cross libel in that court. The trial court was satisfied that the whole question of the liability of both ships resulting from the collision could be properly and promptly heard in the pending proceedings in the Japanese admiralty court.

In opposition to the exceptions to the libel libelant claims, among other things, that if it procured a money judgment in the Japanese admiralty court it would not be able to withdraw the amount thereof from Japan without the consent of the government but, on this subject, assurances were made by the respondent which satisfied the trial court that there would be no opposition to the withdrawal of such funds in the event the respondents were successful. The libelant also strongly pressed upon the consideration of the trial court the inordinate delays which it claimed sometimes occurred in the Japanese admiralty courts. Three cases were specified in each of which there was a long delay. In one case there was a delay of 16 years. The citation of particular cases which have taken extraordinarily long periods of time for adjudication is not helpful in passing upon the question involved herein. Supplementary affidavits filed by the respondent showed that a decision might be reasonably expected in the pending case within two years in the lower court and within two years more on appeal.

Upon the question of an abuse of discretion in declining jurisdiction the decisions are meagre. None has been cited in which it has been held by an appellate court that there had been an abuse of discretion by the trial court in declining jurisdiction under facts at all similar. The libelant cites a number of decisions by nisi prius courts in admiralty wherein the courts have given reasons for retaining or declining jurisdiction. But these cases are not at all persuasive in determining whether or not there has been an abuse of discretion by a District Court in either event. In one decision by the Supreme Court the duty of the appellate court in that regard was considered. In that case (Charter Shipping Co. Ltd. v. Bowring, etc., 281 U.S. 515, 50 S.Ct. 400, 401, 74 L.Ed. 1008) the Circuit Court of Appeals, 2 Cir., 33 F.2d 280, had reversed the District Court which had declined jurisdiction. The Supreme Court, in reversing the decision of the Circuit Court of Appeals, said: "The retention of jurisdiction of a suit in admiralty between foreigners is within the discretion of the District Court. The exercise of its discretion may not be disturbed unless abused. [Citing] The Belgenland, 114 U.S. 355, 368, 5 S.Ct. 860, 29 L.Ed. 152; The Maggie Hammond, 9 Wall. 435, 457, 19 L.Ed. 772."

While it is true that there are some reasons advanced by the libelant which would point to the desirability of retaining jurisdiction there are many facts stated by the trial court in the findings upon which it based its decision which tend to fully justify that decision, but it is not for this court to weigh these conflicting considerations. So far as this appeal is concerned, it is enough to say that the court below, in its refusal to exercise jurisdiction did not abuse its discretion.

Affirmed.